■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SIMMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered November 9, 1983, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The determination of whether an eyewitness's testimony should be credited, and, if so, what weight it should be accorded, is the traditional and exclusive province of the jury (see, People v Parks, 41 NY2d 36, 47). The character and background of the sole eyewitness in this case were fully

developed for the jury's consideration and the record contains sufficient evidence to support the verdict *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620, 621).

Contrary to the defendant's contention, there was a reasonable view of the evidence from which the jury could conclude that he intended to cause serious physical injury and not death. Therefore, the trial court was correct in submitting to the jury both manslaughter in the first degree based on an intention to cause serious physical injury, as well as murder in the second degree based on an intention to cause the death of the victim *(see, People v Green,* 56 NY2d 427, 434).

Although it would have been a better practice to have preserved the tape recordings of the eyewitness's statements taken shortly after the shooting, nevertheless, because the defendant was provided with a transcript of the statements as well as a full opportunity to cross-examine both the eyewitness and the detective who took the statements, the trial court correctly denied the defendant's motion to dismiss the indictment *(see, People v Kelly,* 62 NY2d 516, 521).

We have examined the defendant's other contentions and find them to be either unpreserved *(see, People v Giles,* 87 AD2d 636) or without merit *(see, People v Kurtz,* 51 NY2d 380, 385, *cert denied* 451 US 911; *People v Suitte,* 90 AD2d 80). Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.