■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WEARING, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Hutcherson, J.), both rendered June 20, 1985, convicting him of robbery in the first degree, robbery in the second degree and grand larceny in the third degree under indictment No. 4947/83, and attempted robbery in the second degree and criminal possession of a weapon in the fourth degree under indictment No. 4971/83, upon jury verdicts, and imposing sentences.

Ordered that the judgment under indictment No. 4947/83 is affirmed; and it is further,

Ordered that the judgment under indictment No. 4971/83 is modified, on the law, by reversing the conviction of criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, the judgment under indictment No. 4971/83 is affirmed.

The evidence reveals that the complaining witness, while working, along with his brother, in the fast-food restaurant that he owned and managed, was robbed at gunpoint by the defendant and an accomplice. The complainant, who recognized the defendant as a frequent customer of his restaurant, immediately reported the crime to the police, supplying a complete description of the defendant. Approximately one week after the robbery, the defendant returned to the restaurant and warned the complainant not to again call the police. Shortly before the commencement of the trial, the defendant located the complainant in his new place of business, and requested that the complainant not testify against him. During the course of this conversation, the defendant stated that he had not received his fair share of the proceeds of the robbery from the accomplice.

The defendant argues that the trial court erred in refusing to grant his request for a missing witness charge regarding the prosecutor's failure to call as a witness the complainant's

brother who was present during the robbery. He contends, with some merit, that the brother would have been unable to identify the defendant as one of the robbers.

Although it is well established that an unfavorable inference may arise when a party fails to call a witness under its control who is shown to be in a position to give material evidence *(People v Brown,* 34 NY2d 658), there is no proof in the record that the complainant's brother was under the control of the prosecution at the time of trial *(see, People v Watkins,* 67 AD2d 717). While we recognize that the only direct evidence connecting the defendant to the commission of the robbery was the identification testimony of the complainant we conclude that the evidence of guilt in this record is overwhelming *(cf. People v Johnson,* 57 NY2d 969). Thus, even were the failure to deliver a missing witness charge error, it would be harmless error under the circumstances of this case *(see, People v Crimmins,* 36 NY2d 230, 242).

Because the defendant failed to object to the allegedly improper summation remarks of the prosecutor, the issue is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Santiago,* 52 NY2d 865; *People v Baldo,* 107 AD2d 751). In any event, the defendant was not deprived of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

However, as the prosecution concedes, the conviction of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) must be reversed because the evidence showed that the handgun in the defendant's possession was inoperable *(see, People v Actie,* 99 AD2d 815).

We have considered the contentions raised by the defendant in his supplemental *pro se* brief and find them to be without merit. Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.