■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERTHA VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Di Tucci, J.), rendered November 21, 1986, convicting her of criminal possession of a controlled substance in the first degree and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the defendant's conviction of criminal possession of a controlled substance in the first degree from 20 years to life imprisonment to 15 years to life imprisonment; as so modified, the judgment is affirmed.

We find that the trial court properly refused to give a missing witness charge with regard to prosecution's confiden-

tial informant, inasmuch as the record indicates that this witness was unavailable to testify *(see, People v Gonzalez,* 68 NY2d 424; *People v Bartolomeo,* 126 AD2d 375, *lv denied* 70 NY2d 702; *People v Miller,* 124 AD2d 830, *lv denied* 69 NY2d 830, *cert denied* 481 US 1071). In any event, in light of the overwhelming evidence of the defendant's guilt, including her admission to the police that the four ounces of cocaine seized from her apartment belonged to her, any potential error in failing to deliver a missing witness charge must be deemed harmless *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Wearing,* 126 AD2d 586, *lv denied* 69 NY2d 888).

We find that the sentence imposed on the conviction of criminal possession of a controlled substance in the first degree is excessive to the extent indicated *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.