■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. JACKSON, Appellant.—Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 15, 1990, upon a verdict convicting defendant of the crime of driving while intoxicated.

Defendant's only contention on appeal is that County Court erred when it refused to charge that an adverse inference may be drawn from the People's failure to produce a videotape made of defendant at the police station after his arrest. Each of the three officers who were present at the time the video-

tape was made testified as to its contents, that defendant simply sat in a chair and refused to participate. Defendant failed to show how the videotape differed from this testimony or how it could have been used in his defense to show his degree of intoxication, as he now contends. In addition, defendant agreed with the People that the tape was accidentally erased. Under such circumstances, and given the fact that there was no prejudice to defendant as a result of the inadvertent erasure, it cannot be said that County Court abused its discretion in failing to give the requested charge (see, People v Haupt, 71 NY2d 929, 931; People v Martinez, 71 NY2d 937, 940; People v Vasquez, 141 AD2d 880, 882, lv denied 72 NY2d 1050).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.