■ In the Matter of LOUISA B., Also Known as MAZILINE LOUISE C., a Child Alleged to be Neglected. ST. CHRISTOPHER OTTILIE, Respondent; TYRONE H., Appellant. [602 NYS2d 392] — Final order of disposition, Family Court, New York County (Sheldon M. Rand, J.), entered April 9, 1992, which terminated respondent's parental rights, which order was made pursuant to a fact-finding determination entered October 9, 1991, that respondent had permanently neglected his child for more than one year by failure to plan for the child's future despite diligent efforts to help on the part of petitioner-agency, unanimously affirmed, without costs.

Findings of physical and sexual abuse against appellant had earlier been made, and upon the death of the child's mother, the agency exerted diligent efforts on appellant's behalf and was within its discretion in focusing its priorities on appellant's most pressing problem *(see, Matter of Ronald YY.,* 101 AD2d 895, 897). The agency specifically encouraged appellant to enroll in and complete a program for sexual offenders and referred him to several programs, but "[t]he agency is not a guarantor of an uncooperative parent's success in overcoming predicaments." *(Matter of LeBron,* 140 AD2d 276, 278.) Concur —Sullivan, J. P., Ellerin, Kupferman and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA SANCHEZ, Appellant. [602 NYS2d 601] —Judgment, Supreme Court, New York County (Jay Gold, J.) rendered August 1, 1990, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing her, as a second violent felony offender, to a term of 6 to 12 years, unanimously affirmed.

No rational basis existed for charging the lesser offenses of attempted robbery in the first degree, robbery in the third degree, or petit larceny. The robbery was clearly completed, as defendant was found with the proceeds of the robbery in her hand, and the gun and the knife, both of which were recovered by the police, could only have been employed during the commission of the crime, as testified by the complainant.

The argument that the court permitted a belated peremptory challenge by the People is unpreserved for appellate review, and we note that the juror, in any event, would have been removed for cause since no testimony had yet been received (CPL 270.15 [4]). Concur—Sullivan, J. P., Ellerin, Kupferman and Nardelli, JJ.