■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CAMPOLA, Also Known as DANNY ABREU, Appellant. [607 NYS2d 276] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered August 1, 1990, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him as a predicate felony offender to a term of 4½ to 9 years, unanimously affirmed.

Defendant and co-defendant Maria Sanchez accosted the victim in the lobby of the building and defendant demanded the victim's money. In the ensuing struggle, defendant hit the victim in the head with a gun and Sanchez grabbed the victim's currency, and both fled. During a neighborhood canvass with police shortly afterward, both were apprehended.

Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility according to the standard set forth in People v Bleakley (69 NY2d 490, 495), defendant's guilt was proved by legally sufficient and overwhelming evidence, and the verdict was not against the weight of that evidence. Defendant's present challenge to the manner in which the voir dire was

conducted and his objection to the two day delay before the jury was sworn is identical to the challenge considered and rejected in our affirmance of codefendant Sanchez's conviction *(People v Sanchez,* 197 AD2d 419), and we perceive no reason to depart from that ruling. We also adhere to our ruling in *People v Sanchez (supra)* in concluding that no reasonable view of the evidence supported the submission of the requested lesser included offenses. With regard to the destruction of the evidence, his failure to seek pretrial relief resulting therefrom, the marginal value of that evidence *(see, People v Haupt,* 71 NY2d 929), counsel's opportunity to challenge testimony concerning the evidence *(see, People v Simms,* 122 AD2d 860, 861, *lv denied* 68 NY2d 918), and the lack of bad faith by law enforcement authorities *(see, People v Wells,* 144 AD2d 400, *lv denied* 73 NY2d 861), all support the trial court's refusal to provide an adverse inference instruction. We reject defendant's present claim that this was reversible error and that the destruction of the evidence warrants dismissal *(see, People v Haupt, supra).*

We have examined defendant's remaining contentions, and find them to be unpreserved or meritless. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.