■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY GIBBS, Appellant. [620 NYS2d 484] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered July 1, 1993, convicting him of grand larceny in the third degree, criminal possession of stolen property in the third degree, possession of burglar's tools, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not entitled to a sanction against the prosecution because the People failed to provide to the defense a so-called "sprint" tape containing communications between police officers and a police department operator. According to the prosecutor, the tape had been destroyed. However, a copy of the "sprint" tape in the form of a printout was provided to the defense. There is no evidence of any bad faith on the part of the People. Moreover, the defendant has failed to demonstrate any prejudice. Accordingly, the court did not improvidently exercise its discretion in failing to give an adverse inference charge *(see, People v Martinez,* 71

NY2d 937, 940; *People v Grice,* 203 AD2d 587; *People v Jackson,* 172 AD2d 935).

The trial court's marshaling of the evidence was fair. Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.