■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEED RICE, Appellant. [636 NYS2d 751] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered December 9, 1993, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, robbery in the first degree and two counts of criminal use of a firearm in the first degree, and sentencing him to concurrent terms of 25 years to life on the murder conviction, $8^1/_3$ to 25 years on the robbery conviction and $12^1/_2$ to 25 years on one of the weapon use convictions, to run consecutively to concurrent terms of $8^1/_3$ to 25 years on the attempted murder

conviction and $12^1/_2$ to 25 years on the other weapon use conviction, unanimously affirmed.

The court's *Sandoval* ruling allowing the People to elicit the underlying facts of defendant's juvenile delinquency adjudication for sale of a controlled substance was a proper exercise of discretion (*see, People v Johnson*, 218 AD2d 815). Such facts would not have led the jury to conclude that defendant had a propensity to commit robbery and murder (*cf., People v Hall*, 155 AD2d 344, 345), and they were not so remote in time as to be without probative value (*see, People v Smith*, 217 AD2d 520; *People v King*, 187 AD2d 612, *lv denied* 81 NY2d 790).

There is no merit to defendant's claim that the court's adverse inference charge was not an adequate sanction for the People's destruction of the crack pipe and the rubber glove found in the complainant's brother's car. An analysis showing cocaine residue in the pipe would still not have proven that the complainant had ingested cocaine the night of the incident, and, moreover, defendant's conviction did not rest solely on the complainant's testimony but also on an independent eyewitness who testified to defendant's participation in the robbery and shooting of the complainant and his brother. Since the probative value of these items was marginal and their destruction was inadvertent, dismissal would have been inappropriate (*see, People v Haupt*, 71 NY2d 929). The adverse inference charge was a sound exercise of the court's discretion, assuming any sanction was required in the first place (*see, People v Campola*, 201 AD2d 290, *lv denied* 83 NY2d 850).

The police officers' testimony that they had spoken with codefendant prior to the incident did not prejudicially suggest that there were bad acts in defendant's background. This claim is speculative and contradicted by a record clearly showing that the court repeatedly instructed the jury that evidence against one defendant was not to be considered in the People's case against the other. In addition, the court specifically instructed the jury not to speculate about or to draw any inferences from this particular testimony. It is presumed that the jury followed the court's instructions (*People v Davis*, 58 NY2d 1102, 1104). Furthermore, any error in the admission of the testimony would be harmless. The police officers did not indicate that they had arrested the codefendant or testify about the acts underlying any arrests. The testimony was limited to where the codefendant lived, what his nickname was and what he wore on the occasions he spoke to the police. Such testimony was proof of the codefendant's identity and supported the independent eyewitness's testimony.

The court's charge to the jury concerning the complainant's credibility did not distract the jury or play on the fear that defendant and the codefendant would go unpunished if the jury disbelieved him (*see, People v Dewindt*, 156 AD2d 706, *lv denied* 76 NY2d 733). Rather, the charge correctly informed the jury that the complainant could serve as a competent witness and that it could consider, in deciding whether to believe him, his past criminal convictions and abuse of drugs and alcohol (*see, People v Siu Wah Tse*, 91 AD2d 350, 352).

There was no abuse of sentencing discretion for this brutal crime. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.