■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE M. ESCAMILLA, Appellant. [666 NYS2d 278] —White, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 25, 1996, upon a verdict convicting defendant of the crimes of rape in the first degree, sexual abuse in the first degree, criminal contempt in the first degree and assault in the third degree.

The victim in this case is a 17-year-old girl who has resided with her mother in Broome County since they came to New York from New Mexico when she was seven years old. She is the daughter of defendant, who also resided in Broome County, but she had not lived with him since leaving New Mexico. On the evening of January 17, 1996, the victim drove to school to attend a special evening class. After the class she left school and was walking to the car when she was accosted by defendant. Defendant asked the victim for a ride and she drove him to a building. Defendant asked her to come with him and help carry some Christmas presents that he had for her brothers. The victim agreed, parked and exited the car, but as she was proceeding toward the building, she was grabbed by defendant, who pushed her to the ground and committed an act of sexual intercourse with her. In addition, defendant struck her several times on the head. Defendant left the scene and the victim, after vomiting, drove to her home where she told her mother that she was late because she stayed after class for additional assistance from her teacher. She then took a shower, threw away her undergarments and washed her other clothes by hand. She did not advise anyone about this incident until a few weeks later when she told two friends and, upon their urging, notified the police. When questioned by the police, defendant denied having any contact with the victim on the evening in question and stated that he was not near the school or the building where the incident allegedly occurred. Subsequently, defendant was indicted on counts of rape, sexual abuse and assault, as well as a count of criminal contempt in connection with an alleged violation of an order of protection.

Defendant testified during the trial. On cross-examination, in addition to admitting violating two prior orders of protection, defendant conceded that on the afternoon of January 17, 1996, he had appeared in Family Court and was advised by the court that an order of protection had been issued against him and was further ordered to stay away from the victim at all times except on a supervised basis. The jury rendered a verdict convicting defendant of rape in the first degree, sexual abuse in the first degree, criminal contempt in the first degree and assault in the third degree, and defendant now takes this appeal.

The first contention of defendant is that County Court improperly denied his request for an adverse inference charge as a result of the victim's alleged destruction of her clothing. However, in the absence of bad faith on the part of the prosecution or demonstrable prejudice, and when the defense has ample opportunity to cross-examine the prosecution witnesses concerning the evidence, it is not an abuse of discretion to fail to give this charge (*see, People v Gibbs*, 211 AD2d 641, *lv denied* 85 NY2d 909; *People v Campola*, 201 AD2d 290, 291, *lv denied* 83 NY2d 850; *People v Jackson*, 172 AD2d 935, 936, *lv denied* 78 NY2d 967). Here, there was no showing of any bad faith by the People or prejudice to defendant and, given the circumstances, it is understandable that the victim might be anxious to remove and dispose of articles of clothing which were associated with this sexual assault. Thus, we find that County Court did not err in refusing to give the requested charge.

Defendant also argues that the People improperly cross-examined defendant as to his violation of two earlier orders of protection. County Court, after a pretrial discussion with counsel, allowed limited cross-examination concerning these matters. We find no error in the court's ruling since there was a good-faith basis for this questioning and the issue of the credibility of the victim or defendant was paramount. In addition, once defendant objected to this line of questioning, the court immediately gave proper limiting instructions and there was no undue prejudice to defendant (*see, People v De Pasquale*, 54 NY2d 693, 695; *People v Santiago*, 52 NY2d 865, 866; *People v Berard*, 112 AD2d 470).

Defendant also contends that the District Attorney's summation was improper; however, defendant made no objection to the summation at the time, and in any event, the prosecutor's remarks were well within the bounds of fair comment on the evidence (*see, People v Green*, 183 AD2d 617, 619, *lv denied* 80 NY2d 831; *People v Wearing*, 126 AD2d 586, 587, *lv denied* 69

NY2d 888). Defendant also argues County Court's charge was not balanced. Our review of the record, however, indicates that the charge was fair and impartial and, since defendant failed to object to the charge, this matter is unpreserved for our consideration (*see, People v Hubert*, 238 AD2d 745, 746, *lv denied* 90 NY2d 859; *Thaler & Thaler v Rourke*, 217 AD2d 893, 894).

We find no merit to the remaining arguments raised by defendant and accordingly affirm the judgment.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.