■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LA MOUNTAIN, Also Known as VERONICA LA MOUNTAIN, Appellant. [671 NYS2d 763] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 5, 1996, upon a verdict convicting defendant of the crime of attempted burglary in the second degree.

On October 11, 1994 at approximately 9:45 A.M, defendant was arrested by police officers responding to a "911" call from William Collins, who reported that an intruder was peering into several windows of his home in the Town of Colonie, Albany County, and attempting to open one of them. Collins described the intruder as having long, stringy hair, an extremely pale complexion, dark glasses and denim clothing. Upon arriving at the Collins residence and entering its rear yard, the police officers observed defendant in an adjoining yard, peering into the windows of that home. They observed that he fit the description given by Collins and transmitted by the police dispatcher over the radio. The arresting officers also found a screwdriver on the ground below one of the windows, which Collins identified as not belonging to him, and defendant's car was parked in Collins' driveway. Immediately after

he was taken into custody, the arresting officers presented defendant to Collins and his wife, who identified him as the individual they observed looking into their windows and attempting to open at least one of them.

Defendant was charged with and ultimately convicted of the crime of attempted burglary in the second degree. He was sentenced as a persistent felony offender to a prison term of 20 years to life.

Defendant raises five issues on this appeal: (1) the adequacy of the sanction imposed by County Court for the destruction of *Rosario* material in the form of the 911 call by William Collins, (2) admission of identification evidence in the wake of the showup identification by the Collinses, (3) County Court's *Sandoval* ruling, (4) the refusal by County Court to charge certain lesser included offenses, and (5) the severity of the sentence imposed.

For the reasons which follow, we find none of defendant's arguments availing. Accordingly we affirm the judgment of County Court.

Defendant's first claim of error concerns County Court's imposition of the mildest possible sanction for the *Rosario* violation, which consisted of the inadvertent destruction of the tape of Collins' 911 call to the Colonie Police. The taped conversation contained the description of the intruder conveyed by Collins to the police and certainly constituted *Rosario* material. The People were required to exercise due care to preserve the tape (*see, People v Kelly*, 62 NY2d 516, 520). The prosecutor indicated that although he had instructed the Colonie Police to preserve the tape, for reasons unknown to him it was not available at the time of trial. There was preserved, however, and available for defense counsel, a tape of the radio transmission by the Colonie Police dispatcher who relayed the information and description given to him by Collins. Defense counsel requested, as a sanction for destruction of the tape, that a mandatory adverse inference charge be given to the jury. County Court instead gave a permissive inference charge, despite noting that defense counsel had failed to lay any foundation for the charge.

Determination of an appropriate sanction for a *Rosario* violation "is committed to the trial court's sound discretion, and while the degree of prosecutorial fault may be considered, the court's attention should focus primarily on the overriding need to eliminate prejudice to the defendant" (*People v Martinez*, 71 NY2d 937, 940; *see, People v Kelly*, 62 NY2d 516, 520-521, *supra*). We are unable to identify any prejudice that inured to

defendant in consequence of the destruction of the tape, and accordingly find that the permissive adverse inference charge was an adequate sanction (*see, e.g., People v Joseph*, 86 NY2d 565, 572; *People v Martinez, supra*, at 940).

Defendant next claims to be aggrieved by the introduction of identification evidence, arguing that it was the product of an unduly suggestive showup. We strongly disagree. The showup in this case was conducted within minutes of the arrest, which occurred within minutes of Collins' call reporting the crime. The arresting officers observed defendant, who matched the detailed description transmitted in response to Collins' call, in an adjoining rear yard looking into windows. Collins' wife observed the events which transpired following the arrival of the police, including the presence of defendant in the adjoining yard and his arrest by the police. The rapid unfolding of events vitiated any possibility of suggestive police activity attendant to the identification process. Showups in such instances, where a suspect is "captured at or near the crime scene and can be viewed by the witness immediately" (*People v Riley*, 70 NY2d 523, 529), are not only permissible but desirable insofar as they eliminate the possibility (not present here) of innocent persons being detained (*see generally, People v Duuvon*, 77 NY2d 541, 543; *People v Riley, supra*).

As to defendant's contention that County Court's ruling on his *Sandoval* motion was an abuse of discretion, we note that while we have recently reversed a conviction because of a similar *Sandoval* ruling[1] upon some of the same principles cited by defendant in support of his claim here, the factual differences in the two cases preclude any meaningful comparison. We are satisfied that the error was harmless here given the overwhelming evidence of defendant's guilt.

Contrary to defendant's next assertion, County Court's ruling on the submission of lesser included offenses was correct. The court properly applied the two-pronged test required under *People v Heide* (84 NY2d 943, 944) and *People v Glover* (57 NY2d 61, 63), first determining whether it is impossible under any theory to commit the greater offense without thereby also committing the lesser offense, and next determining whether there was a reasonable view of the evidence which would support the finding that defendant committed the lesser but not the greater offense. Following this analysis, County Court submitted the crime of attempted criminal trespass in the second degree as a lesser included offense of attempted bur-

---

**1.** *See, People v Young* (249 AD2d 576 [decided herewith]).

glary in the third degree. The court denied defendant's request for the submission of additional lesser charges of trespass as a violation, criminal trespass in the second degree and criminal trespass in the third degree.[2] As noted, the court properly charged attempted criminal trespass in the second degree. Criminal trespass in the third degree is not a lesser included offense of attempted burglary in the third degree under the first prong of the *Glover* test, since it is possible to commit an attempted burglary without concomitantly entering or remaining in an area which is fenced or otherwise enclosed to exclude intruders. Similarly, criminal trespass as a violation is not a lesser included offense since it is possible to commit an attempted burglary without entering or remaining unlawfully in or upon premises.

Defendant's final contention is that his sentence of 20 years to life, as a persistent felony offender, constitutes cruel and unusual punishment. While correctly noting that challenges to the legality of a sentence cannot be waived, defendant misapplies the principle to his complaint about the sentence herein. Despite its characterization as such, defendant's claim is not that the sentence was illegal, i.e., not authorized by law, but that its imposition in this case constituted cruel and unusual punishment. We first note, as we are required to do under *People v Callahan* (80 NY2d 273), that we find defendant's waiver of the right to appeal the persistent felony determination and the negotiated sentence forecloses our review. The record demonstrates that defendant knowingly, voluntarily and intelligently waived his right to appeal these determinations following a careful colloquy on the record at the time of the admissions and again at sentencing.

Moreover, we are unable to say that defendant's sentence of 20 years to life is unduly harsh or excessive. Examination of defendant's presentence report reveals a 26-year unmitigated criminal history consisting primarily of burglary and larcenous activity. Following numerous juvenile placements resulting from burglaries beginning at age nine, defendant incurred six felony convictions (five for burglary and one for grand larceny) as an adult prior to the instant conviction. On each and every occasion of defendant's release from State prison on parole, his parole was subsequently revoked, with the instant offense occurring six days after his most recent release. Defendant's history and circumstances present an extremely bleak prognosis for future law-abiding behavior.

---

2. Defendant incorrectly asserts in his brief on appeal that he requested the charge of criminal trespass in the first degree (a class D felony).

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.