(December 12, 2002)

**1** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOLLY GRIFFIN, Appellant. [752 NYS2d 129] —Mercure, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 19, 1998 in Albany County, convicting defendant following a nonjury trial of the crimes of assault in the first degree and grand larceny in the third degree.

On the evening of December 10, 1997, defendant got into a parked car that had been left running and drove away. The owner of the car, Bob Catherwood, initially gave chase on foot, shouting for defendant to stop. Catherwood then flagged down a passing motorist, James Hennesey, and they continued the chase in Hennesey's vehicle. When they caught up with the car, Hennesey blocked the car's path and Catherwood attempted to restrain defendant. Defendant broke free and attempted to enter Hennesey's vehicle, with Hennesey's infant daughter in the rear seat. Hennesey and Catherwood then pulled defendant from Hennesey's vehicle and, in the ensuing struggle, Catherwood suffered a shattered kneecap. Following a bench trial, defendant was convicted of assault in the first degree and grand larceny in the third degree. Supreme Court sentenced defendant as a second felony offender to a prison term of 10½ years on the assault conviction and a concurrent prison term of 3½ to 7 years on the grand larceny conviction. Defendant appeals.

Initially, we reject defendant's challenge to the sufficiency of the evidence. Viewing the evidence in the light most favorable to the prosecution (*see People v Taylor*, 94 NY2d 910, 911; *People v Contes*, 60 NY2d 620, 621), we find that it was legally sufficient to establish defendant's guilt of the crimes of assault in the first degree (*see* Penal Law § 120.10 [4])[1] and grand larceny in the third degree (*see* Penal Law § 155.35).[2] We reject defendant's arguments that he neither caused the injury nor

---

**1.** A person is guilty of assault in the first degree, inter alia, when "[i]n the course of and in furtherance of the commission or attempted commission of a felony or of immediate flight therefrom, he, or another participant if there be any, causes serious physical injury to a person other than one of the participants" (Penal Law § 120.10 [4]).

**2.** "A person is guilty of grand larceny in the third degree when he steals property and when the value of the property exceeds three thousand dollars" (Penal Law § 155.35).

was engaged in the commission of a felony or in the course of immediate flight therefrom. Where, as here, a defendant is charged with having caused specific harm, it must be shown that " 'the defendant's actions [were] a sufficiently direct cause' " of the victim's injury (*People v Stewart*, 40 NY2d 692, 697, quoting *People v Kibbe*, 35 NY2d 407, 413 [emphasis omitted]; *see People v Hawkins*, 290 AD2d 812, 813, *lv granted* 97 NY2d 755; *People v Darrow*, 260 AD2d 928, 929). The evidence in this case shows that Catherwood was injured while he and Hennesey were struggling to restrain defendant, who had attempted to flee the scene in a vehicle containing Hennesey's child. In our view, defendant's conduct "forged a link in the chain of causes" (*People v Stewart, supra* at 697; *see People v Lutes*, 285 AD2d 739, 741, *lv denied* 97 NY2d 642) that led to Catherwood's injury. We similarly find the trial evidence—that defendant drove off in a car that he did not own, valued in excess of three thousand dollars, ignoring its owner's shouts to stop, and that defendant, when caught, attempted to flee the scene—sufficient to establish defendant's guilt on the grand larceny charge, a predicate for the assault conviction. Further, while defendant presented evidence that he had permission to use a different car and mistakenly drove away in Catherwood's car instead, viewing the totality of the evidence in a neutral light, we cannot say that defendant's conviction on the grand larceny charge was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495; *People v Walker*, 279 AD2d 696, 698, *lv denied* 96 NY2d 869).

We also reject defendant's claim that Supreme Court committed reversible error when it declined to draw an adverse inference from the prosecution's failure to produce a tape of Catherwood's 911 call. It is well settled that the "[d]etermination of an appropriate sanction for a *Rosario* violation 'is committed to the trial court's sound discretion, and while the degree of prosecutorial fault may be considered, the court's attention should focus primarily on the overriding need to eliminate prejudice to the defendant' " (*People v La Mountain*, 249 AD2d 584, 585, *lv denied* 92 NY2d 855, quoting *People v Martinez*, 71 NY2d 937, 940). The tape at issue here was erased in the course of routine procedure 30 days after it was made, prior to defendant's indictment in this matter, and Catherwood testified at trial about the contents of that call. Because there is no indication that the tape was destroyed in bad faith and defendant has shown no prejudice inuring from its unavailability, we find that Supreme Court did not abuse its discretion by denying defendant's motion for an adverse inference (*see People v La Mountain, supra* at 585-586; *People v Jackson*, 172

AD2d 935, 936, *lv denied* 78 NY2d 967). Finally, we note that defendant was properly sentenced as a second felony offender (*see* Penal Law § 70.06 [6] [a]), and we see no extraordinary circumstances warranting a modification of defendant's sentences in the interest of justice (*see People v Krzykowski*, 293 AD2d 877, 880; *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.