■ STATE OF NEW YORK, Appellant, v. HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION (NEW YORK DIVISION) et al., Respondents.— Order entered December 19, 1969 modified on the law and facts, with $30 costs and disbursements to the appellant, to the extent of striking items 1, 3, 4, 5, 6, 7, 8,

10, 11, 12, 13, 16, 17, 18, 19, 20 and 21, and as so modified, affirmed. The complaint in the instant case spells out the particular charges against defendants under the Donnelly Act (General Business Law, § 340) by identifying the type and nature of the anti-competitive restraint as a boycott plus the overt acts. No further particulars are required to apprise defendants of the cause of action. The purpose of a bill of particulars is to amplify the pleading, limit the proof and prevent surprise at the trial. Defendants under the present facts may not use this demand as a means for disclosure of evidence or for the identity of witnesses. The disclosure of evidentiary detail is not the office of a bill of particulars. (*U. M. & M. Fin. Corp.* v. *Hirsch*, 16 A D 2d 770, McCullen, Bills of Particulars, §§ 47, 48 and cases cited.) The fact that the complaint alleges a conspiracy and a boycott does not of itself create sufficient special circumstances to allow a deviation from the general rule. A reading of the complaint indicates that no further particulars are necessary. (See *State of New York* v. *Nassau & Suffolk Chapter Nat. Elec. Contrs. Assn.*, N. Y. L. J., April 9, 1965, p. 15, col. 4.) Concur — Stevens, P. J., Eager, Capozzoli and McNally, JJ.