■ ROBERT J. VINE et al., Appellants, v JOHN MANVILLE SALES CORPORATION et al., Defendants, and TROY CITY SCHOOL DISTRICT, Respondent. (And a Third-Party Action.)—Mercure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 14, 1990 in Schenectady County, which, *inter alia,* granted defendant Troy City School District's motion for summary judgment dismissing the complaint against it.

Plaintiffs commenced this action in April 1987 asserting, *inter alia,* causes of action sounding in negligence, breach of warranty and strict products liability against defendant Troy City School District (hereinafter defendant) based upon plaintiff Robert J. Vine's exposure to asbestos in the course of his

employment with Stants Combustion Association, Inc. Defendant moved for summary judgment dismissing the complaint against it, asserting, *inter alia,* plaintiffs' failure to timely file a notice of claim pursuant to General Municipal Law §§ 50-e and 50-i and Education Law § 3813. Supreme Court granted the motion and plaintiffs appeal.

We affirm. At issue is the applicability to plaintiffs' action of the 1986 Toxic Tort Revival Act *(see,* L 1986, ch 682, § 4), which revived until July 30, 1987 claims arising out of exposure to asbestos and other enumerated toxic substances which were barred by the Statute of Limitations on July 30, 1986 *(see, ibid.; Vine v Manville Sales Corp.,* 158 AD2d 842). Plaintiffs' bill of particulars and amended bill of particulars (incorrectly denominated a supplemental bill although alleging no special damages *[see,* CPLR 3043 (b)]) indicate that Vine's exposure to asbestos in buildings owned by defendant continued through the date thereof, in 1987, and Vine alleges in his affidavit in opposition to the motion that it was in 1986 that he discovered that he had contracted asbestosis. Whether the three-year Statute of Limitations began to run at the time of Vine's last exposure to asbestos under the "old New York rule" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214-c:2, at 632; *see, Matter of Steinhardt v Johns-Manville Corp.,* 78 AD2d 577, *affd* 54 NY2d 1008, *cert denied* 456 US 967) or the date of discovery *(see,* CPLR 214-c), plaintiffs' action was clearly not time barred in 1986. As such, the revival provision has no application.

We reject Vine's current claim that his last exposure to asbestos in defendant's buildings actually occurred prior to 1980, contrary to the allegation of the bill of particulars that exposure continued into 1987. Among the purposes of a bill of particulars is to limit the proof and prevent surprise at trial *(see, State of New York v Horsemen's Benevolent & Protective Assn. [N.Y. Div],* 34 AD2d 769, 770), and a party may not rely upon evidence which conflicts with its allegations *(see, Mammarella v Consolidated Edison Co.,* 44 AD2d 571). We perceive no reason why the rule should be any different in connection with evidence submitted on a motion for summary judgment, "the procedural equivalent of a trial" *(Holender v Cammann Prods.,* 78 AD2d 233, 237). While we recognize that the harshness of this rule is often ameliorated by permitting a last minute amendment of the bill of particulars *(see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3041.22), here plaintiffs did not seek that relief. Contrary to plaintiffs' assertion, the bill of

particulars, having been amended once, could not be further amended without leave of court *(see,* CPLR 3042 [g]).

Casey, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.