■ ROBERT MACDORMAND et al., Respondents, v ROBERT BLUMENBERG, Defendant, and ELLIS HOSPITAL ASSOCIATION, Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered August 16, 1991 in Schenectady County, which denied defendant Ellis Hospital Association's motion for an order of preclusion.

Plaintiffs commenced this medical malpractice action against defendants on September 13, 1990. The complaint contained very general and broad allegations of negligence as the result of which defendant Ellis Hospital Association (hereinafter defendant) served a demand for a bill of particulars requesting particularization of its alleged acts of negligence. Plaintiffs served a bill of particulars which was as general and broad as the complaint. At a discovery conference defendant voiced its objection to the bill of particulars, whereupon Supreme Court ordered plaintiffs to serve a supplemental bill of particulars and afforded defendant the option of moving for whatever relief it deemed entitled within 30 days of receipt

thereof. Plaintiffs thereafter served what is designated a "supplemental" bill of particulars in which it has particularized the alleged negligence of the defendant. Thereafter, defendant moved to preclude plaintiffs from offering evidence in support of the general allegations contained in the bill of particulars and in paragraph 1 (a) of the supplemental bill of particulars. Supreme Court denied the motion.

On this appeal, defendant contends that by serving a supplemental bill of particulars, as opposed to an amended bill, plaintiffs' original bill of particulars remains viable and that plaintiffs will be able to offer any evidence at trial in support thereof. Resultantly, the bill has not limited the proof or prevented surprise at trial (see, State of New York v Horsemen's Benevolent & Protective Assn., 34 AD2d 769). We agree. The purpose of a bill of particulars is to describe the general claims of the complaint with specificity, thereby limiting proof and preventing surprise at trial (supra). Where a bill is defective in that respect, the remedy is a motion to preclude (see, CPLR 3042 [c]). When defendant objected to the bill of particulars, Supreme Court, inartfully and incorrectly, ordered service of a supplemental bill of particulars, presumably to correct the complained-of defects. Unfortunately, that is not the purpose of a supplemental bill of particulars. That instrument is for particularizing claims of continuing special damages and disabilities (see, CPLR 3043 [b]) and leaves the originally served bill of particulars in full force and effect (cf., Vine v John Manville Sales Corp., 175 AD2d 380). The effect of the service of the supplemental bill of particulars in the case at bar, therefore, is to leave the bill of particulars in effect, thereby permitting evidence at trial in support of any of the particulars contained therein, which may well subject defendant to surprise and prevent it from preparing to meet the specific charges of negligence which may be adduced at trial. Clearly, what Supreme Court should have done was order service of an amended bill of particulars. Having not done so and having specifically reserved to defendant the opportunity to make any appropriate motion following receipt of the "supplemental" bill of particulars, Supreme Court should have granted defendant's motion for an order of preclusion.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and plaintiffs are precluded from offering evidence in regard to paragraphs 3, 6, 7, 8 and 12 of their bill of particulars and paragraph 1 (a) of their supplemental bill of particulars.