■ M. DOROTHY VAN DERZEE, Respondent, v KNIGHT-RIDDER BROADCASTING, INC., et al., Appellants, et al., Defendant.— Mikoll, J. P. Appeals from an order and judgment of the Supreme Court (Keniry, J.), entered April 16, 1991 in Albany County, upon a verdict rendered in favor of plaintiff.

On August 20, 1989, plaintiff was a passenger in an automobile which was involved in a collision with an automobile driven by defendant Richard Easton and owned by defendant Knight-Ridder Broadcasting, Inc. (hereinafter collectively referred to as defendants). As a result thereof, plaintiff commenced this personal injury action and, following a trial, was awarded $300,000 in damages. On this appeal defendants do not contest liability, but urge, *inter alia,* that Supreme Court erred in permitting plaintiff's physician to testify regarding alleged undisclosed injuries. Defendant contends that receipt of testimony from plaintiff's physician, Richard Alfred, concerning an injury to her sub-talar joint, which was not set forth in plaintiff's bill of particulars, constituted reversible error. We conclude that Supreme Court did not abuse its discretion in permitting Alfred to testify that plaintiff sustained an abnormal configuration in the sub-talar joint secondary to the fracture.

A variance between the pleadings and the proof will be disregarded unless it has misled a party's adversary and occasioned prejudice *(see, e.g., Hummel v Vicaretti,* 152 AD2d 779, *lv dismissed* 75 NY2d 809; *Sharkey v Locust Val. Mar.,* 96 AD2d 1093, 1094). Where, as here, the disputed testimony necessarily flows from the injuries set forth in the bill of particulars and defendants should have been aware of such injury, the testimony may be allowed *(see, Grey v United Leasing,* 91 AD2d 932, 934; *see also, Wheaton v Guthrie,* 89 AD2d 809, 810-811).

The fracture here was to the calcaneus bone which was jagged as a result of the "crush-down type fracture". The bone that was fractured and jagged formed a joint with the calcaneus bone passing over the talus. Alfred described the condition as "one rough surface like sandpaper rubbing over a smooth surface". Plaintiff's bill of particulars indicated, *inter alia,* that she sustained a permanent consequential limitation to her right heel by reason of the fractured heel bone and

alleged that plaintiff's right foot became swollen at the end of each day.

Alfred did not testify that plaintiff suffered a separate injury to her ankle; indeed, he testified that plaintiff had "no injury to her ankle itself". Moreover, plaintiff's hospital records mention her ankle and state that the "superior calcaneal surface is flattened". It is submitted that the testimony elicited necessarily flowed from the injuries set forth in plaintiff's bill of particulars and was a good-faith attempt to comply with the requirements of the CPLR (see, Wheaton v Guthrie, supra, at 810).

Defendants had access to all of plaintiff's medical records, including those mentioning the flattened calcaneus and ankle and foot problems. Defendants never secured a physical examination or offered any expert medical testimony, despite the fact that Supreme Court stated during the colloquy with counsel that it would allow defendants the opportunity to conduct a medical examination of plaintiff. Defense counsel did not seek the physical exam or state that efforts to find a doctor to examine plaintiff were unavailing. Moreover, defense counsel did not ask for a mistrial because of surprise. Any prejudice that defendants incurred was due to defense counsel's own inaction or trial strategy.

As to defendants' other allegations of error relating to plaintiff's summation, during which the loss of enjoyment of life was suggested, we deem them waived as defense counsel failed to object to them (see, CPLR 5501 [a] [3]). Defendants' argument regarding Supreme Court's charge is also deemed waived because of defendants' failure to object. Were we to address that issue, however, we would find the charge adequate (see, CPLR 4110-b; DiGrazia v Castronova, 48 AD2d 249, 251).

Finally, defendants argue that the award for pain and suffering is grossly excessive. We disagree. Plaintiff received $180,000 for pain and suffering. Plaintiff's injuries were substantial. She suffered facial lacerations, chipped dentures, a fractured sternum and a fractured calcaneus. She spent 17 days in the hospital and remained in a regional geriatric center for nine weeks thereafter. Her chronic bronchitis was aggravated by the injuries she sustained. The record contains detailed testimony as to the extensive pain plaintiff endured. In our view, the award for pain and suffering is not excessive.

As to future pain and suffering, for which plaintiff received an award of $120,000, we note that plaintiff sustained perma-

nent injuries which will cause her continued escalating pain. She must now wear special shoes. Because of balance and walking problems, her future activity will be seriously limited. Finally, the failure of her calcaneus to heal in a normal position will result in increased pain in the future. In view of the record, the award for future pain and suffering is also not excessive inasmuch as we cannot say that the judgment granted to plaintiff "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]).

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order and judgment are affirmed, with costs.