◼ Thaler & Thaler, Respondent, v James P. Rourke et al., Appellants. [629 NYS2d 855] —Peters, J. Appeal from an order of the County Court of Tompkins County (Sherman, J.), entered December 19, 1994, which affirmed a judgment of the City Court of the City of Ithaca in favor of plaintiff.

Defendant Acrographics, Inc. (hereinafter Acro) and James P. Rourke, as its president and sole stockholder, operate a copying and printing business which performed services for a local architectural firm, Fred Thomas Associates. Fred Thomas Associates had an outstanding debt due to Acro for previously rendered photocopying services. Acro, through Rourke, sought the advice of plaintiff, a law firm in the City of Ithaca, Tompkins County, and spoke to Richard Thaler, a partner therein. According to Thaler, in April 1989, pursuant to an oral agreement between Rourke and plaintiff, plaintiff was to commence collection services on Acro's behalf and receive 25% of any amount collected.

Thaler testified that as a result of his services, Fred Thomas Associates was willing to pay the full balance due on the delinquent account plus 9% interest. Defendants found such offer unacceptable. Plaintiff thereafter drafted a complaint against Fred Thomas Associates and asked Rourke to review it. After such review, Rourke expressed his dissatisfaction with it and discharged plaintiff.

In October 1989, plaintiff sent Acro a bill for $650.60, representing hourly fees due for the services rendered, minus a prior payment received. When defendants failed to pay the bill, plaintiff withdrew it and requested 25% of the settlement it negotiated on Acro's behalf. Defendants failed to pay either the $650.60 bill or the requested 25% fee.

Plaintiff commenced the instant action against defendants and, following a jury trial in Ithaca City Court where Rourke appeared *pro se* on behalf of defendants, a verdict was rendered

in favor of plaintiff in the amount of $650.60. Defendants moved for an order vacating the verdict, contending that there was an insufficient charge to the jury and a failure of proof. Plaintiff opposed the motion and cross-moved for an order granting it interest on the award pursuant to CPLR 5001. City Court denied defendants' motion and granted plaintiff's cross motion. Defendants appealed to County Court, which affirmed the verdict and judgment. This appeal ensued.

Defendants contend that City Court unduly prejudiced their direct case by interruptions throughout the trial. Notwithstanding the fact that defendants neither objected to these interruptions during the trial nor raised this argument in their motion to set aside the verdict, rendering such alleged errors unpreserved for review (*see,* CPLR 5501 [a] [3]; *see generally,* CPLR 4017; *Van Derzee v Knight-Ridder Broadcasting,* 185 AD2d 1011, 1012), were we to address the issue we would find such contentions lacking in merit. While City Court did interject at various points throughout the trial, the purposes of these interjections included identifying or admitting evidence, clarifying issues for Rourke, who was a *pro se* litigant, and instructing the jury. Such interjections were not only beneficial to defendants, but were a legitimate exercise of the court's discretionary power to control the case (*see, Feldsberg v Nitschke,* 49 NY2d 636, 644).

Defendants next contend that City Court erred in its charge to the jury. We note that defendants did not object to the charge presented, even when specifically asked by the court if there were any requests or exceptions thereto (*cf., Meagher v Long Is. R. R. Co.,* 27 NY2d 39). Accordingly, we find that any contention now raised is unpreserved for our review (*see,* CPLR 4110-b, 5501 [a] [3]; *Chlystun v Kent,* 185 AD2d 525; *Dutcher v Fetcher,* 183 AD2d 1052, 1054, *lv denied* 80 NY2d 761).

Finally, as to any contention that there existed "inherent inconsistencies in the jury's verdict [ ]" (*Halvorsen v Ford Motor Co.,* 132 AD2d 57, 62, *lv denied* 71 NY2d 805), we find that defendants' failure to raise such objection prior to the jury's discharge resulted in a waiver thereof (*see, supra*).

Finding all other issues raised devoid of merit, we affirm the order of County Court in its entirety.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.