■ Nancy Lohan, Respondent, v Bryan Evanczyk, Appellant. [646 NYS2d 213] —White, J. Appeals (1) from a judgment of the Supreme Court (Ingraham, J.), entered July 17, 1995 in Otsego County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered July 26, 1995 in Otsego County, which denied defendant's motion to set aside the verdict.

On July 22, 1988, plaintiff underwent a sterilization procedure known as a laparoscopic application of fallopian rings that was performed by defendant. In this procedure, a fallope ring, a two to three-millimeter plastic band, is placed on each fallopian tube thereby strangulating it and preventing pregnancy. Despite undergoing this procedure, plaintiff became pregnant, giving birth by Cesarean section on October 3, 1989. Following the delivery, defendant inspected plaintiff's fallopian tubes and allegedly discovered that, while the right tube showed that the fallope ring was in place, the ring had come off the left tube. He then claims to have cauterized both tubes. Because plaintiff's reproductive system continued to cause her medical problems, she submitted to a dilation and curettage (hereinafter D & C) procedure on May 24, 1991 that was performed by Ziyad Mansur. On May 28, 1991, Mansur

received a pathology report indicating that the tissue was "strongly suggestive of an incomplete (missed) abortion". Mansur then performed laparoscopic surgery to examine plaintiff's reproductive organs which disclosed that the fallope ring on the right side had been applied to the round ligament near the uterus rather than to the fallopian tube. To confirm his observation, Mansur performed a hydrotubation procedure which revealed that the right fallopian tube was open and had not been closed by a fallope ring or cauterization. To obviate the risk of an ectopic pregnancy Mansur performed a salpingectomy on December 16, 1991 on the left side by means of a Cesarean section incision that left a large scar.

Plaintiff commenced this medical malpractice action on March 20, 1992, claiming that the October 1989 sterilization procedure was improperly performed. At the conclusion of the trial, the jury found defendant negligent and awarded plaintiff $40,000. This appeal ensued after Supreme Court denied defendant's motion to set the verdict aside.

Defendant maintains that Supreme Court erred in permitting plaintiff to present evidence regarding the July 1988 sterilization procedure because he lacked notice that plaintiff intended to rely on such evidence as there was no reference to the 1988 procedure in her amended complaint. He further argues that consideration of the subject procedure was barred by the Statute of Limitations. We reject both arguments. Plaintiff's first argument is vitiated by plaintiff's amplification of her amended complaint by her bill of particulars (see, Northway Eng'g v Felix Indus., 77 NY2d 332, 336) which contains seven references to the 1988 procedure. In addition to providing notice, the inclusion of this information allowed plaintiff to introduce it at trial (compare, Vine v Manville Sales Corp., 175 AD2d 380, 381).

Defendant's Statute of Limitations argument is predicated upon Supreme Court's statement that it was relying on the continuous treatment doctrine in permitting plaintiff to adduce testimony pertaining to the July 1988 procedure. Supreme Court's reference to the continuous treatment doctrine was misplaced. That doctrine serves to stay the Statute of Limitations to permit a party to pursue an otherwise time-barred malpractice claim (see, Ganess v City of New York, 85 NY2d 733, 735). Here, plaintiff was not asserting a claim relative to the July 1988 procedure as is evident from Supreme Court's instructions to the jury that, while it could consider the 1988 procedure on the question of liability, it could not consider any event occurring between July 1988 and October 3, 1989 on the

issue of damages. The jury apparently heeded these instructions, considering the amount of its verdict.

The more pertinent question relative to the admission of the challenged proof was whether it should have been excluded on the ground that evidence of the same or similar act at another unrelated occasion is inadmissible to prove that a person did an act on a particular occasion (Prince, Richardson on Evidence § 4-517, at 194 [Farrell 11th ed]). Despite this rule, such evidence is admissible where it has some relevancy, other than similarity, to the issues presented (2 Bender's NY Evidence, Similar Acts and Transactions § 6.01, at 6-4). We find that Supreme Court did not abuse its discretion in applying this exception to permit admission of evidence surrounding the July 1988 procedure, as we agree with its analysis that defendant's July 1988 and October 1989 "efforts at tubal ligation [ ] are inextricably bound, and it would be futile to attempt to separate them and still present to the jury an accurate summary of what occurred" (see, Bosch v City of New York, 143 AD2d 607, 608).

Defendant next argues that the verdict was against the weight of the evidence. A verdict may be successfully challenged on this ground only when " ' "the evidence so preponderate[s] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (Lolik v Big V Supermarkets, 86 NY2d 744, 746, quoting Moffatt v Moffatt, 86 AD2d 864, affd 62 NY2d 875). In making this assessment, we accord due deference to the jury's resolution of conflicting expert testimony based upon its opportunity to observe and hear the experts and weigh their testimony (see, Abar v Freightliner Corp., 208 AD2d 999, 1001). In examining this record we find ample support therein for the jury's verdict, especially in light of plaintiff's expert's testimony and photographic evidence which tended to establish that, after the October 1989 procedure, the fallope ring was on the right round ligament rather than the right fallopian tube, a circumstance for which defendant offered no explanation.

Lastly, defendant's argument that an interrogatory should have been posed to the jury to ascertain whether it premised its verdict on the July 1988 procedure rather than the October 1989 procedure is unpreserved for our review due to defendant's failure to request such an interrogatory or to object to the verdict sheet (see, Suria v Shiffman, 67 NY2d 87, 97; Grant v Endy, 167 AD2d 807, 808). Were we to consider the merits, the omission of an interrogatory was, at most, harmless error because even if the jury's liability was based solely on the July

1988 procedure, defendant's negligence committed in that procedure was repeated in the October 1989 procedure when he failed to observe and correct the misapplication of the fallope ring.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment and order are affirmed, with costs.