■ MOLLIE FRIDOVICH, as Executor of BELLA FINKEL, Deceased, Appellant, v MARJORIE MEINHARDT, as Executor of WILLIAM MEINHARDT, Deceased, et al., Respondents. [669 NYS2d 444] —Mercure, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered June 12, 1996 in Schenectady County, upon a verdict rendered in favor of defendants.

Plaintiff brought this action to recover for the alleged medical malpractice of William Meinhardt,* a physician specializing in internal medicine, in his care and treatment of plaintiff's decedent, Bella Finkel (hereinafter decedent), between 1969 and 1980. Specifically, the complaint alleges that Meinhardt deviated from accepted standards of medical care in prescribing the drugs Stelazine and Diupres for decedent and in making an improper diagnosis of pancreatic cancer, thereby causing decedent to undergo unnecessary surgery. The action came on for trial and, at the conclusion of plaintiff's case, Supreme Court dismissed all claims other than the one relating to the prescription of Stelazine. That claim was ultimately submitted to the jury, which rendered a verdict in favor of defendants. Plaintiff appeals.

We affirm. We are unpersuaded by plaintiff's primary contention that the jury verdict in favor of defendants was against the weight of the evidence. John Pipas, an internist specializing in geriatrics who had frequently prescribed Stelazine for anxiety in the course of his practice, testified for defendants. Based upon his review of the medical records relating to Meinhardt's treatment of decedent, Pipas testified that decedent's reported headaches, moderate nervousness and dizziness were typical symptoms of anxiety warranting Stelazine treatment and that the dosage Meinhardt prescribed was sufficiently small as to create only infrequent and transient side effects occurring within a few days or weeks from the first administration of the drug. Based upon the undisputed evidence that the symptoms forming the basis for plaintiff's claim (detachment and ambulatory difficulty) did not manifest themselves until decedent had been on the medication for several years, Pipas testified that those symptoms did not result from Stelazine side effects. In fact, he opined that the drug actually diminished decedent's nervousness and improved her quality of life. Pipas

---

* Meinhardt died during the pendency of the action and his personal representative has been substituted as a defendant in his place.

further opined that, based upon his review of decedent's records, Meinhardt exercised reasonable medical judgment during examinations, appropriately prescribed Stelazine in view of the repeated notations concerning decedent's complaints of moderate nervousness and anxiety, and made reasonable and appropriate evaluations to monitor her for potential side effects of Stelazine. In Pipas' over-all opinion, Meinhardt's treatment of decedent from 1969 through 1980 was consistent with the standards of practice expected of an internist during the relevant time period.

In view of the foregoing, we cannot conclude that the evidence so preponderated in favor of plaintiff that the verdict could not have been reached on any reasonable interpretation of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744, 746; Lohan v Evanczyk, 229 AD2d 844, 846). Although plaintiff presented conflicting expert testimony, affording due deference to the jury's resolution of that conflict and giving defendants every favorable inference that can be drawn from the evidence (see, Lohan v Evanczyk, supra; Taype v City of New York, 82 AD2d 648, 651, lv denied 55 NY2d 608), we perceive no valid basis for disturbing the jury's verdict (see, Better v McCarthy, 173 AD2d 967).

Plaintiff's remaining contentions warrant little discussion. First, in view of the concession by plaintiff's expert that the Stelazine package inserts contained essentially the same information as that set forth in excerpts from the Physician's Desk Reference that were already in evidence, Supreme Court did not abuse its discretion in excluding the package inserts as cumulative (see, Abbott v New Rochelle Hosp. Med. Ctr., 141 AD2d 589, 591, lv denied 72 NY2d 808). Next, given the further concession by plaintiff's expert that the work was authoritative, Supreme Court did not err in permitting defendants to utilize a 1963 volume of the Physician's Desk Reference for the purpose of cross-examination (see, Mark v Colgate Univ., 53 AD2d 884, 886). Plaintiff's remaining contentions have either been waived, are unpreserved for our consideration or have been found lacking in merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.