■ ANDREW H. HORNER, Appellant, v DANIEL WAY, Respondent. [684 NYS2d 36] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Dier, J.), entered September 25, 1997 in Warren County, upon a verdict rendered in favor of defendant.

The pertinent facts underlying this malpractice action are as follows. Plaintiff returned to the United States on September 10, 1993 after a seven-month trip to Africa. He had been advised by the travel group's leader to be tested for bilharzia, also known as schistosomiasis, a parasitic disease endemic to Africa, which results from body contact with fresh water and which may cause serious physical problems if untreated. Plaintiff visited North Creek Health Center in the Town of Warrensburg, Warren County, on September 21, 1993 seeking to be tested for the disease. He declined a physical examination by defendant,* a staff physician, and merely submitted blood, stool and urine samples for testing, all of which were negative for signs of the disease. Plaintiff never shared information with defendant that he had had several significant manifestations of the disease while in Africa including diarrhea, stomach pain, eruptions on his body, fever and weakness. The results of the tests done at the clinic were reported to plaintiff to be negative.

On November 8, 1993 plaintiff was involved in a motor vehicle accident when he suffered a seizure and lost control of his vehicle. Subsequent brain surgery revealed that the seizure resulted from the presence of schistosomiasis, which had infested plaintiff's brain causing the seizure. Plaintiff commenced this action against defendant. The gravamen of plaintiff's complaint is that defendant was negligent in failing to conduct tests necessary to detect schistosomiasis, namely, a certain blood titer test, and in failing to inform plaintiff that this test had not been performed.

The jury found in favor of defendant after concluding that he was not negligent. Supreme Court denied plaintiff's posttrial motion for judgment notwithstanding the verdict and also denied plaintiff's motion to amend the record to reflect certain objections allegedly made to the verdict sheet and which were not reflected in the record. This appeal ensued. Plaintiff seeks

---

* In addition to defendant, plaintiff named as defendants North Creek Health Center, Hudson Headwaters Health Network, OmniLab, Inc., Steven Levenston and Edward Rosenberg. The action proceeded to trial solely against defendant.

reversal on the ground that the verdict was not supported by legally sufficient evidence and was against the weight of evidence. We disagree.

To set aside a verdict in favor of a defendant as against the weight of evidence, this Court must conclude that the evidence so preponderates in favor of the plaintiff that the verdict could not have been reached upon any reasonable interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). In reviewing the jury's resolution of conflicting evidence, this Court defers thereto based on the trial jury's opportunity to hear and observe witnesses and to weigh their testimony. Every favorable inference must be given to the defendant (*see, Lohan v Evanczyk*, 229 AD2d 844, 846).

In examining the record we find ample evidence therein for the jury's verdict, especially in light of the testimony by defendant's experts which indicated that defendant's actions were in accord with accepted medical practice and were appropriate under the circumstances. Both experts averred that it was not standard practice in 1993 to perform a blood titer test for the presence of schistosomiasis. It cannot be said that the verdict was against the weight of evidence.

Plaintiff's allegations of error by Supreme Court in precluding the testimony by plaintiff's expert, Dickson Despommier, is rejected. The witness was offered as an expert in the field of parasitology. The foreclosure of testimony by him vis-à-vis defendant's care and treatment of plaintiff was not error in that the witness's expertise was not that of a practicing physician. In any event, such testimony was offered by plaintiff's other witnesses and was cumulative.

Plaintiff next argues that Supreme Court erred in its charge to the jury on the relevant standard of care. In view of the fact that plaintiff failed to object to the jury charge, we deem the challenge waived (*see, Thaler & Thaler v Rourke*, 217 AD2d 893, 894). Similarly, plaintiff's contention that the court erred in submission of the verdict sheet to the jury is also deemed waived in that the objection was never made on the record.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.

