■ JANICE A. ALLEN, Appellant, v STEVEN P. KRNA et al., Respondents. [723 NYS2d 730] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Rose, J.), entered February 29, 2000 in Broome County, which, *inter alia*, denied plaintiff's motion to compel third-party disclosure, and (2) from an order and judgment of said court (Relihan, Jr., J.), entered July 5, 2000 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

In this legal malpractice and breach of contract action commenced in July 1998, plaintiff alleges that defendants, her former attorney and his law firm, failed to identify and value "all marital assets" in her matrimonial action. That action culminated in a trial of equitable distribution issues in September 1997, resulting in a judgment that was ultimately affirmed (*see, Allen v Allen*, 263 AD2d 691).

In October 1998, defendants served demands for a bill of particulars and expert witness disclosure in the instant action. When plaintiff failed to comply, defendants brought a motion to compel in early 1999 and, on April 2, 1999, Supreme Court (Rose, J.) issued a preliminary conference stipulation and order directing service of a bill of particulars by May 1, 1999 and a response to the demand for expert witness disclosure by July 1, 1999. When plaintiff failed to comply with that stipulation and order, defendants applied for relief pursuant to CPLR 3126 (2) and (3). On July 7, 1999, the initial return date, plaintiff served a bill of particulars which defendants rejected as insufficient. With regard to the demand for expert disclosure, plaintiff's attorney responded on July 8, 1999 that "[p]laintiff has not yet retained the services of an [e]xpert [w]itness." The motion was resolved on August 13, 1999 by an "Amended Stipulation and Order" which was subsequently signed by the court on August 31, 1999. It required plaintiff to serve an amended bill of particulars and expert disclosure by September 1, 1999. It also provided for the completion of all disclosure by November 1, 1999.

On September 1, 1999, plaintiff served a "First Amended Verified Bill of Particulars" and a "Response to Defendants' Demand for Experts." Plaintiff, defendant Steven P. Krna and Robert Allen, plaintiff's ex-husband, were deposed during October and November 1999. On December 8, 1999, plaintiff moved to, *inter alia*, extend the time under the August 31, 1999 amended stipulation and order to complete discovery and for an order directing a further examination before trial (hereinafter EBT) of Allen. Defendants cross-moved to prohibit plaintiff from providing evidence of her claims based upon her willful disobedience of the August 31, 1999 amended order and stipulation, to dismiss the complaint and for sanctions.

On February 29, 2000, Supreme Court (Rose, J.) denied plaintiff's motion and, finding the first amended bill of particulars inadequate, conditionally granted defendants' cross motion for preclusion unless, *inter alia*, plaintiff served a "meaningful bill of particulars specifying her claims" and provided proper expert disclosure within 15 days. On March 15, 2000, defendants received a "Second Amended Bill of Particulars" and a "First Amended Response to Defendants' Demand for Experts." Contending that plaintiff's disclosure was still inadequate, defendants moved in April 2000 for preclusion and for summary judgment dismissing the complaint. Supreme Court (Relihan, Jr., J.) granted the motion and plaintiff now appeals this order as well as the February 2000 order.

Plaintiff first contends that Supreme Court's denial of her motion to compel a further EBT of Allen and for an extension of time under the August 31, 1999 amended preliminary conference order and stipulation constituted an abuse of discretion. We disagree. Initially, we note that "[i]t is well settled that a trial court has 'broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action'" (*Getman v Petro*, 266 AD2d 688, 690, quoting *Geary v Hunton & Williams*, 245 AD2d 936, 938; *see, Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888). Addressing first Supreme Court's denial of plaintiff's motion to compel a further EBT of Allen, the record supports Supreme Court's finding that there was a miscommunication between the attorneys as to what documents had to be produced at the original deposition. In any event, in his affirmation in opposition to the motion for a second deposition of his client, Allen's attorney alleged, in effect, that subsequent to Allen's deposition of November 11, 1999, plaintiff's attorney had been provided with all relevant original documents requested at the

deposition. Notably, plaintiff's submissions in support of her motion do not demonstrate the inaccuracy of that allegation. Accordingly, we find no abuse of discretion in denying a further EBT.

Turning to that portion of plaintiff's motion which sought an extension of time, we note that Supreme Court was authorized to extend the deadline set in its amended scheduling order "upon such terms as may be just and upon good cause shown" (CPLR 2004). The record shows that plaintiff agreed to the revised time limits for further disclosure on August 13, 1999 and no attempt to obtain documents or testimony from Allen was made until the deposition notice was served on October 8, 1999, more than one month after the revised September 1, 1999 deadline. We further note that plaintiff's motion for an extension of time to depose Allen occurred some two months after November 1, 1999, the amended deadline for completion of all discovery. Considering the chronology of events, we cannot say that Supreme Court abused its discretion in denying plaintiff's motion for an extension of time.

Next, we do not agree with plaintiff's contention that Supreme Court erred in finding her first amended bill of particulars and original expert witness disclosure inadequate. "The purpose of a bill of particulars is to describe the general claims of the complaint with specificity, thereby limiting proof and preventing surprise at trial [citation omitted]" (*MacDormand v Blumenberg*, 182 AD2d 991, 992; *see, State of New York v Horsemen's Benevolent & Protective Assn.*, 34 AD2d 769, 770). Plaintiff's first amended bill of particulars failed to particularize those assets of the marriage which were not properly identified and valued by defendants in the underlying matrimonial action. Furthermore, plaintiff's response to defendants' demand for experts failed to summarize the facts that formed the basis of plaintiff's statement (*see*, CPLR 3101 [d] [1] [i]) that her expert "will find and will testify to the exact value of the marital assets which [d]efendant[s] failed to identify."

Finally, we examine plaintiff's argument that Supreme Court erred in granting defendants' motion for summary judgment dismissing plaintiff's complaint. In that regard, we note "that '[a] prima facie case of legal malpractice requires proof of the attorney's negligence, that such negligence was the proximate cause of injury to the client, and that absent such negligence, the client would have been successful in the underlying action'" (*C & F Pollution Control v Fidelity & Cas. Co.*, 222 AD2d 828, 829, quoting *Thaler & Thaler v Gupta*, 208 AD2d 1130,

1132). Here, plaintiff did not offer affirmative evidentiary proof which supported her claim that, but for defendants' negligence, she would have been successful in either identifying additional marital assets or obtaining higher valuations than those stipulated to in the underlying matrimonial action. In the absence of genuine triable issues, the grant of summary judgment was proper (*see, e.g., Busino v Meachem*, 270 AD2d 606, 607-608).

We have considered plaintiff's remaining contentions and find that they lack merit.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order and order and judgment are affirmed, with costs to defendants.