■ JAMES O'REGAN et al., Respondents, v JOHN LUNDIE et al., Defendants, and MERCY MEDICAL CENTER, Appellant. [751 NYS2d 274] —In an action to recover damages for medical malpractice, etc., the defendant Mercy Medical Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated May 14, 2002, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it based upon any acts committed by the defendant John Lundie.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant based upon any acts committed by the defendant John Lundie is granted, and the complaint is dismissed insofar as asserted against the appellant based upon any acts committed by that defendant.

The plaintiff James O'Regan underwent emergency abdominal surgery at the defendant hospital, Mercy Medical Center (hereinafter the Hospital). The surgeon who performed the operation, the defendant Dr. John Lundie (hereinafter the surgeon), was a private attending physician who was referred by the partner of O'Regan's primary care physician. Three days after his operation, O'Regan was found to have suffered a stroke. The plaintiffs commenced this action alleging that O'Regan's stroke was the result of the defendants' malpractice. The Hospital moved for summary judgment, arguing, inter alia, that it could not be held vicariously liable for the alleged negligence of the surgeon, a private attending physician. We agree and reverse the order insofar as it denied that branch of the Hospital's motion which was for summary judgment dismissing the complaint insofar as asserted against it based upon any acts committed by the surgeon.

"Although a hospital or other medical facility is liable for the negligence or malpractice of its employees (*Bing v Thunig,* 2 NY2d 656), that rule does not apply when the treatment is provided by an independent physician" (*Hill v St. Clare's Hosp.,* 67 NY2d 72, 79; *see Walter v Betancourt,* 283 AD2d 223, 224). Here, the Hospital established its prima facie entitlement to judgment as a matter of law with respect to its alleged vicarious liability for acts performed by the surgeon since it is undisputed that he was a private attending physician who was recommended for the operation by the partner of O'Regan's primary care physician. In opposition to the motion, the plaintiffs failed to raise a triable issue of fact in this regard. Under such circumstances, the Hospital cannot be held liable

for any purported malpractice that the surgeon may have committed (*see Nagengast v Samaritan Hosp.*, 211 AD2d 878; *Georges v Swift,* 194 AD2d 517, 518).

Furthermore, contrary to the plaintiffs' contention, the Hospital's vicarious liability argument was not raised for the first time in its reply papers submitted to the Supreme Court (*cf. Johnston v Continental Broker-Dealer Corp.,* 287 AD2d 546). Santucci, J.P., Townes, Crane and Rivera, JJ., concur.