■ MARC QUEZADA et al., Respondents, v CHRISTOPHER P. O'REILLY-GREEN, Appellant, ST. JOSEPH'S MEDICAL CENTER, Respondent, et al., Defendant. [806 NYS2d 707]—

In an action to recover damages for medical malpractice, the defendant Christopher P. O'Reilly-Green appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered April 5, 2004, as, upon granting that branch of the motion of the defendant St. Joseph's Medical Center pursuant to CPLR 4401, made at the close of the plaintiffs' case, which was to dismiss his cross claim insofar as asserted against it, and upon a jury verdict finding that the plaintiff sustained damages in the principal sums of $1,500,000 for past pain and suffering, $72,000 for past medical expenses, $5,000,000 for future pain and suffering for 70.2 years, $367,294 for future psychological expenses for a period of 70.2 years, $101,509 for future speech therapy for a period of 7 years, $2,649,636 for future case manager expenses for a period of 70.2 years, $908 for future vocational counseling for a period of 3 years, and $4,009,600 for future loss of income for a period of 35.7 years, in effect, dismissed his cross claim insofar as asserted against St. Joseph's Medical Center, and is in favor of the plaintiffs and against him.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding damages for past and future pain and suffering, and for future case management expenses, and a new trial is granted with respect thereto; as so modified, the judgment is affirmed insofar as appealed from, with costs payable to the defendant St. Joseph's Medical Center by the defendant Christopher P. O'Reilly-Green, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $1,500,000 to the sum of $750,000, for future pain and suffering from the sum of $5,000,000 to the sum of $1,400,000, and for future case management expenses from the sum of $2,649,636 for 70.2 years to the sum of $1,234,818 for 35.7 years, and to the entry of an amended judgment accordingly; in the event the plaintiffs so stipulate, then the judgment, as so decreased and amended, is affirmed insofar as appealed from, with costs payable to the plaintiffs and the defendant St.

Joseph's Medical Center by the defendant Christopher P. O'Reilly-Green.

The defendant Christopher P. O'Reilly-Green (hereinafter Dr. Green) argues that the evidence was legally insufficient to support the damages awarded for pain and suffering, future psychological expenses, future case manager expenses, future vocational counseling, and future loss of income. This argument is without merit as the evidence presented at trial provided a rational basis for the jury's determination that the infant plaintiff sustained such damages due to Dr. Green's medical malpractice in connection with his birth (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Altman v Alpha Obstetrics & Gynecology*, 255 AD2d 276, 277 [1998]).

Although Dr. Green presented conflicting expert testimony, " 'affording due deference to the jury's resolution of that conflict and giving [the] plaintiff[s] every favorable inference that can be drawn from the evidence,' we find no valid basis for disturbing the jury's verdict" (*Cramer v Benedictine Hosp.*, 301 AD2d 924, 930 [2003], quoting *Fridovich v Meinhardt*, 247 AD2d 791, 792 [1998]).

In addition, the trial court properly granted, at the close of the plaintiffs' case, that branch of the motion of the defendant St. Joseph's Medical Center (hereinafter St. Joseph's), pursuant to CPLR 4401, which was to dismiss Dr. Green's cross claim insofar as asserted against it on the ground that Dr. Green was not a hospital employee. Generally, a hospital cannot be held vicariously liable for the malpractice of a private attending physician who is not its employee (*see Orgovan v Bloom*, 7 AD3d 770 [2004]; *Evans v Abitbol*, 1 AD3d 313, 314 [2003]; *O'Regan v Lundie*, 299 AD2d 531 [2002]). Viewing the plaintiffs' evidence in the light most favorable to the plaintiffs, a rational jury could not have found that St. Joseph's could be held vicariously liable for Dr. Green's medical malpractice (*see generally Smith v Vosburgh*, 176 AD2d 259 [1991]; *Lipsius v White*, 91 AD2d 271 [1983]).

Dr. Green's application for collateral source set-offs was properly rejected, since he failed to prove by clear and convincing evidence that it is "highly probable" that the services at issue will be received (*Caruso v LeFrois Bldrs.*, 217 AD2d 256, 259 [1995]; *see* CPLR 4545 [a]; *Manfredi v Preston*, 246 AD2d 580 [1998]; *Giventer v Rementeria*, 184 Misc 2d 744 [2000]; *Andrialis v Snyder*, 159 Misc 2d 419 [1993]; *Ursini v Sussman*, 143 Misc 2d 727 [1989]).

However, the award of damages for past and future pain and suffering, and future case management services, deviated

materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]).

Dr. Green's remaining contentions are without merit. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.