Mays v Green (2022 NY Slip Op 02926)

Mays v Green

2022 NY Slip Op 02926

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

418CA 21-00692

[*1]ARLISA MAYS, PLAINTIFF-RESPONDENT,
v
TYLER LEE GREEN, POWER & CONSTRUCTION GROUP, INC., AND LIVINGSTON ASSOCIATES, LLC, DEFENDANTS-APPELLANTS. 

LAW OFFICE OF JOHN WALLACE, ROCHESTER (VALERIE L. BARBIC OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
THE RUSSELL FRIEDMAN LAW GROUP, LLP, ROCHESTER (RON F. WRIGHT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered April 27, 2021. The order denied the motion of defendants for a reduction of a jury award based upon collateral sources. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and reducing the award of damages by $230,029.12, and as modified the order is affirmed without costs.
Memorandum: In this personal injury action arising out of a motor vehicle accident, defendants appeal from an order denying their motion under CPLR 4545 (a) to reduce the award of damages for plaintiff's lost wages by the amount that she purportedly recovered from collateral sources. We agree with defendants that plaintiff's Retirement and Social Security Law article 15 disability retirement benefits "replace the income [she] would have earned if she did not have to retire early due to her . . . disability-causing injury" (Andino v Mills, 31 NY3d 553, 562 [2018]; see Terranova v New York City Tr. Auth., 49 AD3d 10, 18-20 [2d Dept 2007], lv denied 11 NY3d 708 [2008]). Supreme Court thus erred in denying defendants' motion insofar as it sought to reduce the award for lost wages by the $224,151 in disability retirement benefits that plaintiff will receive during the period for which such damages were awarded (see Andino, 31 NY3d at 557-563; Terranova, 49 AD3d at 18-20; see generally CPLR 4545 [a]). We therefore modify the order accordingly. Moreover, plaintiff concedes that defendants are entitled to an additional offset of $5,878.12 against the award of lost wages, and we therefore further modify the order accordingly (see generally Rose Park Place, Inc. v State of New York, 120 AD3d 8, 13 [4th Dept 2014]). Defendants, however, failed to meet their initial burden of establishing their entitlement to any further collateral-source reduction in the award (see McKnight v New York City Tr. Auth., 150 AD3d 840, 842-843 [2d Dept 2017]; Boshnakov v Board of Educ. of Town of Eden, 277 AD2d 996, 997 [4th Dept 2000], lv denied 96 NY2d 703 [2001]).
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court