■ JAMES CASUCCI et al., Appellants, v KENMORE MERCY HOSPITAL, Respondent, et al., Defendants.—Judgment unanimously reversed on the law without costs and motion denied. Memorandum: Initially, we deem plaintiffs' notice of appeal from an order dated February 8, 1988 granting defendant's motion for summary judgment as an appeal from the judgment entered on the same date dismissing the complaint *(see, Privitera v Town of Phelps,* 79 AD2d 1, 2-3; *National Bank v Kory,* 63 AD2d 579, *lv denied* 45 NY2d 712; CPLR 5520 [c]).

To obtain summary judgment a defendant must submit sufficient evidentiary proof to establish its defense as a matter of law *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). The evidentiary material submitted by defendant hospital is insufficient to establish as a matter of law that it may not be held vicariously liable for the negligence of the emergency room physician who treated plaintiff. A hospital may be held vicariously liable for a physician's malpractice when the patient sought medical care from the hospital rather than from a particular physician, even where the allegedly negligent physician was an independent contractor rather than an employee of the hospital *(see, Hill v St. Clare's Hosp.,* 67 NY2d 72, 80-81; *Mduba v Benedictine Hosp.,* 52 AD2d 450, 453). All the surrounding circumstances are relevant in determining whether the plaintiff could have reasonably believed that his treating physician was provided by the hospital or otherwise acting on the hospital's behalf *(see, Felice v St. Agnes Hosp.,* 65 AD2d 388, 396). The record establishes that plaintiff visited the hospital's emergency department seeking treatment; he did not know the name of the physician who treated him. In our view, this case is analogous to the situation in *Mduba v Benedictine Hosp. (supra,* at 453) where the court said: "This is not a situation where the decedent engaged Dr. Bitash in defendant's hospital. The decedent entered the hospital for hospital treatment. The defendant hospital undertook to treat decedent for a charge and furnished the doctors and staff to render that treatment. * * * Patients entering the hospital through the emergency room, could properly assume that the treating doctors and staff of the hospital were acting on behalf of the hospital. Such patients are not bound by secret limitations as are contained in a private contract between the hospital and the doctor. Defen-

dant held itself out to the public offering and rendering hospital services". In addition, as we have previously said: "whether the hospital is liable for the actions of its emergency room physician is a question of fact to be resolved by the jury" *(Braun v Rycyna,* 100 AD2d 721, 722). Finally, plaintiffs' medical evidence was sufficient to establish the existence of material questions of fact with respect to the alleged liability of the emergency department physician and the derivative liability of defendant hospital *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325-326; *Ferguson v Temmons,* 79 AD2d 1090, 1091). (Appeal from judgment of Supreme Court, Erie County, Wolf, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.