■ IRMA GROSS et al., Respondents, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants, and CHAIM HAMMER, Defendant and Third-Party Defendant-Appellant. [616 NYS2d 387] —In an action to recover damages for personal injuries, etc., the defendant Chaim Hammer appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated November 30, 1992, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him, and the third-party complaint and the cross claims against him.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint is

dismissed insofar as it is asserted against Chaim Hammer, the third-party complaints and cross claims against him are dismissed, and the action against the remaining defendants is severed.

This action arose from the plaintiff Irma Gross's fall on the sidewalk in front of the property adjacent to the appellant's home. The accident occurred several years after the appellant had purchased the home from the defendant Kreisman Building Corporation (hereinafter Kreisman), the general contractor who had constructed the home for the appellant. The plaintiffs originally brought the action against the owners of the abutting property and the City of New York. The appellant was added as a defendant after one of the owners of the property in front of which the accident occurred testified at a deposition that Kreisman caused the defect in the sidewalk while constructing the appellant's home.

The appellant moved for summary judgment on the ground that Kreisman was an independent contractor so that the appellant could not be held liable for damages resulting from Kreisman's negligent acts. The Supreme Court denied the appellant's motion for summary judgment, finding a triable issue of fact, particularly as to whether Kreisman was acting as agent for the appellant. We now reverse.

Generally, one who hires an independent contractor will not be held liable for the latter's negligent acts (see, Rosenberg v Equitable Life Assur. Socy., 79 NY2d 663, 668; Wright v Esplanade Gardens, 150 AD2d 197, 198). Here, the evidence offered in opposition to the appellant's motion establishes at most that the appellant merely visited the construction site to see that the contract was being performed in accordance with the plans and specifications, and had no control over the manner in which the work was performed. Because the respondents have failed to raise a triable issue of fact, the appellant's motion should have been granted (see, Zuckerman v City of New York, 49 NY2d 557, 562).

We have considered the respondents' remaining contentions and find them to be without merit. Bracken, J. P., Miller, Copertino and Hart, JJ., concur.