■ Mary Slavik, Respondent, v Parkway Hospital et al., Defendants, and Patco Leasing Corp., Doing Business as Corona Medical & Dental Center, Appellant. [661 NYS2d 274] —In an action to recover damages, *inter alia,* for medical malpractice, the defendant Patco Leasing Corp. d/b/a Corona Medical & Dental Center appeals from an order of the Supreme Court, Queens County (Golar, J.), dated June 3, 1996, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs,

the complaint is dismissed insofar as it is asserted against Patco Leasing Corp. d/b/a Corona Medical & Dental Center, and the action against the remaining defendants is severed.

The defendant Patco Leasing Corp. d/b/a Corona Medical & Dental Center (hereinafter Patco) subleased certain office space to the codefendant Jeffrey Levy, who is a medical doctor, as well as to a variety of other health professionals. The plaintiff testified at her deposition that she began seeing Dr. Levy after she had been referred to him by her former family doctor. She testified that she "didn't take notice" of whether he was part of a medical group.

The plaintiff alleges that she suffered certain injuries as the result of Dr. Levy's supposed failure to diagnose a spinal cord compression with fractures. Patco moved for summary judgment based on its argument that it was not vicariously liable for Dr. Levy's alleged negligence. The Supreme Court denied the motion, finding that there was an issue of fact as to "whether Patco held itself out to the public as an institution providing medical services" (citing *Hill v St. Clare's Hosp.*, 67 NY2d 72; *Mduba v Benedictine Hosp.*, 52 AD2d 450). We disagree.

Patco's use of the trade name "Corona Medical & Dental Center", which includes the term "medical", its placement of advertisements in a church bulletin and a local newsletter, and its hiring of a central receptionist for the benefit of its tenants are not, alone or in combination with other factors revealed in the record, sufficient to justify the imposition of vicarious liability on Patco based on the application of the doctrine of ostensible agency (*see, Hylton v Flushing Hosp. & Med. Ctr.*, 218 AD2d 604). The plaintiff had been specifically referred to Dr. Levy by her former family doctor, and thus cannot reasonably claim that she availed herself of his services in reliance on the fact that his services were offered at Patco's premises (*cf., Hill v St. Clare's Hosp., supra*). The plaintiff's subjective impression that all of the unrelated professionals who rented space on Patco's premises were part of the same "group" is objectively unreasonable and may not serve as the predicate for the creation of an agency by estoppel (*see, Hylton v Flushing Hosp. & Med. Ctr., supra; cf., Hill v St. Clare's Hosp., supra; Mduba v Benedictine Hosp., supra*). The fact that the plaintiff's mother supposedly recommended this "group" to the plaintiff does not negate the fact that the plaintiff was also referred to Dr. Levy by name, so that he must be considered to have been independently retained (*see, Fiorentino v Wenger*, 19 NY2d 407; *Raschel v Rish*, 69 NY2d 694; *Ruane v Niagara Falls Mem.*

*Med. Ctr.,* 60 NY2d 908; *De Peralta v Presbyterian Hosp.,* 121 AD2d 346; 76 NY Jur 2d, Malpractice, § 91). To hold otherwise "would expose to liability for medical malpractice every landlord with the word 'medical' appearing on its premises" (*Hylton v Flushing Hosp. & Med. Ctr., supra,* at 606). Bracken, J. P., Copertino, Altman and Florio, JJ., concur.