■ ROBERT DENTE, Respondent, v STATEN ISLAND UNIVERSITY HOSPITAL, Appellant. [675 NYS2d 621] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered April 7, 1997, as denied that branch of its cross motion which was for summary judgment dismissing so much of the complaint as sought to recover damages against it based on vicarious liability for the acts or omissions of employees of ARA Healthcare Nutrition Services.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, partial summary judgment is granted to the defendant dismissing so much of the complaint as seeks to recover damages against it based on vicarious liability for the acts or omissions of employees of ARA Healthcare Nutrition Services, and, upon searching the record, the complaint is dismissed in its entirety.

While visiting a friend in the defendant Staten Island University Hospital (hereinafter the hospital), the plaintiff went to the hospital cafeteria for breakfast. When he went to

pay for his breakfast, the cashier, a hospital employee, allegedly told him that he was entitled to free coffee with his breakfast, and suggested that he leave his tray at a nearby counter where napkins, knives, and forks were kept. Soon after the plaintiff poured the coffee from an urn into a styrofoam cup, "the bottom of the coffee cup came up towards the lid in an accordian [type] fashion. The bottom of the cup crinkled" and split open, causing the coffee to pour onto him, which allegedly resulted in first and second degree burns.

The plaintiff commenced the instant action against the hospital to recover damages for his alleged injuries. In response to a motion made by the plaintiff which is not at issue on this appeal, the hospital cross moved for summary judgment dismissing the complaint on the ground that an independent contractor, ARA Healthcare Nutrition Services (hereinafter ARA), provided the food services for the cafeteria, and that the hospital was not liable for any of its allegedly negligent acts and/or omissions. The Supreme Court denied the cross motion, finding that questions of fact exist concerning the degree of control the hospital had over ARA.

On this appeal the hospital contends that partial summary judgment should have been granted to it dismissing so much of the complaint as seeks to recover against it based upon vicarious liability for acts or omissions of the employees of ARA. "It is well settled that one who hires an independent contractor is not liable for the independent contractor's negligent acts because the employer has no right to control the manner in which the work is to be done" (*Mercado v Slope Assocs.*, 246 AD2d 581; *see, Sanchez v United Rental Equip. Co.*, 246 AD2d 524; *Gross v City of New York*, 207 AD2d 525). Here, the hospital submitted sufficient evidence to establish, as a matter of law, that ARA was an independent contractor, and the plaintiff failed to raise a triable question of fact on this issue (*see, Mercado v Slope Assocs., supra; Gross v City of New York, supra*). We also reject the plaintiff's contention that the hospital is liable for any alleged negligence of ARA pursuant to the doctrine of ostensible or apparent agency (*see, Slavik v Parkway Hosp.*, 242 AD2d 376; *Hylton v Flushing Hosp. & Med. Ctr.*, 218 AD2d 604; *cf., Miles v R & M Appliance Sales*, 26 NY2d 451).

Finally, upon searching the record, we find that the hospital is entitled to summary judgment dismissing the entire complaint. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.