■ Anthony M. Crannell, an Infant, by Jeannette Morehouse, His Parent and Guardian, Plaintiff, v Hyung R. Kim, Respondent, and Glens Falls Hospital, Appellant. [680 NYS2d 285] —Peters, J. Appeal from an amended order of the Supreme Court (Dier, J.), entered December 11, 1997 in Warren County, which granted defendant Hyung R. Kim's motion for summary judgment dismissing defendant Glens Falls Hospital's cross claims against him.

This medical malpractice action, commenced June 3, 1994, stems from a claim by plaintiff, an infant, that the professional medical care rendered to him by defendant Hyung R. Kim, resulting in the partial amputation of his left leg, was negligent, unskilled and careless and that defendant Glens Falls Hospital (hereinafter GFH) was negligent in its hiring of hospital personnel, including Kim, as its agent, servant and/or employee.* Both defendants filed verified answers denying the substance of these allegations and set forth numerous affirmative defenses and cross claims. On December 12, 1996, plaintiff and Kim entered into a settlement agreement which included the release of all claims against Kim. Kim, thereafter, moved for summary judgment seeking to dismiss GFH's cross claims for contribution and indemnity. Supreme Court granted Kim's

---

* Plaintiff was taken to the emergency room of GFH where he was treated by Kim. As a result of Kim's diagnosis, two subsequent surgeries were performed. He was thereafter transferred to Albany Medical Center where emergency surgery to partially remove his left leg was deemed necessary.

motion and dismissed the cross claims, prompting this appeal. Upon our review, we find the dismissal premature.

It is axiomatic that in a summary judgment motion, the proponent bears the initial burden of setting forth sufficient evidence to prove, as a matter of law, that no genuine issue of fact exists (*see,* CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). While a hospital is not typically liable for the malpractice of a treating physician who is not an employee thereof (*see, Hill v St. Clare's Hosp.,* 67 NY2d 72, 79), where a hospital maintains control over the manner and means of a physician's work through the operation of an emergency room and the patient seeks medical care from the hospital instead of a particular physician, such hospital may, in fact, be held vicariously liable for the physician's malpractice regardless of the fact that the physician is an independent contractor (*see, Litwak v Our Lady of Victory Hosp.,* 238 AD2d 881; *Nagengast v Samaritan Hosp.,* 211 AD2d 878; *Noble v Porter,* 188 AD2d 1066; *Casucci v Kenmore Mercy Hosp.,* 144 AD2d 910).

Contrary to the conclusion of Supreme Court that a finding of vicarious liability against GFH was precluded by the acknowledgment of both GFH and Kim that Kim was an independent contractor, we find that Kim failed, by his showing, to eliminate issues related to GFH's control over his work or whether medical care was sought directly from him or from GFH. In so finding, we note that while counsel for GFH and Kim allude to a representation by plaintiff's counsel that GFH's alleged liability was not related to Kim but arose from alleged acts of negligence by members of its nursing staff, such a narrow position is not supported either by the allegations in the complaint or by the amplification thereof in plaintiff's bill of particulars. Accordingly, we find the award of summary judgment dismissing GFH's cross claims to have been granted in error.

We therefore modify Supreme Court's order by reversing so much thereof as granted Kim's motion for summary judgment dismissing Glens Falls Hospital's cross claim for indemnification against Kim.

Mercure, J. P., White, Spain and Graffeo, JJ., concur. Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as granted defendant Hyung R. Kim's motion for summary judgment dismissing defendant GFH's cross claim against him for indemnification; motion denied regarding said cross claim; and, as so modified, affirmed.