■ Rose C. Marino, Appellant, v City of New York et al., Defendants, and American Airlines, Inc., Respondent. [686 NYS2d 77] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated January 5, 1998, as granted that branch of the defendants' motion which was for summary judgment in favor of American Airlines, Inc., and denied that branch of her cross motion which was for a continuance to permit the defendant American Airlines, Inc., to fully comply with her discovery demands.

Ordered that the order is affirmed insofar as appealed from, with costs.

"It is well settled that one who hires an independent contractor is not liable for the independent contractor's negligent acts because the employer has no right to control the manner in which the work is to be done" (*Mercado v Slope Assocs.,* 246 AD2d 581; *see, Dente v Staten Is. Univ. Hosp.,* 252 AD2d 534). Here, American Airlines, Inc., submitted sufficient evidence to establish, as a matter of law, that Combined Contract Services, Inc., which provided the personnel for curbside check in, was an independent contractor, and the plaintiff failed to raise a triable question of fact on this issue.

Contrary to the plaintiff's contention, CPLR 3212 (f) does not

countenance the postponement of summary disposition where, as here, in opposing the motion for summary judgment, the plaintiff merely speculates that discovery might uncover that the injuries sued upon resulted from the defendants' negligence (*see, Agoglia v Sterling Foster & Co.*, 237 AD2d 549). O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.