◼ KIM TORNS, Respondent, v SAMARITAN HOSPITAL, Appellant, et al., Defendants. [761 NYS2d 126] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 10, 2002 in Rensselaer County, which, inter alia, denied defendant Samaritan Hospital's cross motion for summary judgment dismissing the complaint against it.

Plaintiff came to the emergency room of defendant Samaritan Hospital (hereinafter defendant) in the City of Troy, Rensselaer County, after breaking her leg. This medical malpractice action was commenced against defendant James A. Slavin, an orthopedist, defendant David M. Barnert, an anesthesiologist, and defendant in connection with the care that she received when undergoing surgery.

Plaintiff was administered a spinal anesthetic by Barnert. After evaluating her progress, he stepped out of the room. Plaintiff then went into cardiac arrest. Wayne Aiken, a nurse anesthetist, administered antibiotics and intubated her with an endotracheal tube while Slavin conducted chest compressions. Summoned to return, Barnert immediately administered epinephrine; plaintiff's heart rate and blood pressure were restored. Barnert opined that plaintiff had an anaphylactic reaction to the anesthesia.

Plaintiff contended that defendant was vicariously liable for its employees' negligence in the administration of the anesthe-

sia, the procedures which followed and its failure to have an external pacemaker available in the operating room. Slavin successfully moved for summary judgment dismissing the complaint against him. It is the denial of defendant's cross motion for summary judgment that is the subject of this appeal.

Defendant was "required to establish a prima facie entitlement to judgment as a matter of law by tendering sufficient, competent, admissible evidence demonstrating the absence of any genuine issue of fact" (*Toomey v Adirondack Surgical Assoc.*, 280 AD2d 754, 754 [2001], citing *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In connection therewith, defendant referred to portions of the deposition testimony of Slavin, Barnert and Aiken to challenge allegations of vicarious liability by contending that neither Barnert nor Aiken was its employees. Concerning malpractice, defendant submitted the affidavit of Edward Bonk, a certified registered nurse anesthesiologist, who stated that at no time was a pacemaker requested by a physician and that Aiken's use without such direction would have been both improper and outside permitted standards of care. As to the care that Aiken administered independently and in conjunction with others, Bonk opined that Aiken neither deviated from any standard of care or in any way caused injury to plaintiff. Bonk further opined that in a community hospital such as defendant, both the amount and location of its pacemakers "met all standards for availability of resuscitative equipment in 1998." Accordingly, he concluded, within a reasonable degree of medical certainty, that defendant did nothing to contribute to plaintiff's injury. With Supreme Court properly concluding that defendant met its prima facie burden on the issues of both vicarious liability and malpractice, the burden shifted to plaintiff to establish the existence of a triable issue of fact (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Gong v Gjoni*, 294 AD2d 648, 649 [2002]).

It is established that "[g]eneral allegations of medical malpractice, [which are] merely conclusory and unsupported by competent evidence tending to establish [its] essential elements * * * are insufficient" (*Alvarez v Prospect Hosp., supra* at 325). Through a medical expert, it must be shown that defendant "breached the standard for good and acceptable care in the locality where the treatment occurred and that [the] breach was the proximate cause of [the] injury" (*Bracci v Hopper*, 274 AD2d 865, 867 [2000]; *see Yamin v Baghel*, 284 AD2d 778, 779 [2001]). Despite a physician's independent contractor status, a hospital may be held vicariously liable for such physician's

negligence if it maintained control over the manner and means of the physician's work (*see Crannell v Kim*, 255 AD2d 773, 774 [1998]; *Nagengast v Samaritan Hosp.*, 211 AD2d 878, 879 [1995]) and the plaintiff reasonably believed that the treating physician was provided by the hospital or was acting on its behalf (*see Dolan v Jaeger*, 285 AD2d 844, 846 [2001]; *Slavik v Parkway Hosp.*, 242 AD2d 376, 377 [1997]).

Plaintiff maintains that she reasonably believed that Aiken and Barnert were hospital employees at the time of her surgery; Barnert was not her personal physician and she did not request that any particular physician assume her care. Although she lost memory as a result of the injuries she sustained, plaintiff signed a form entitled "Consent to Administer Anesthesia" where defendant's logo appears in the top left-hand corner and Slavin is listed as her doctor. At the bottom of such page, a certification states that either a member of defendant or a member of its anesthesia department fully disclosed all risks inherent in the procedure; a similar form with defendant's logo was presented and signed in connection with a consent for blood transfusion. Viewing the evidence in a light most favorable to plaintiff (*see Simpson v Simpson*, 222 AD2d 984, 986 [1995]), we find that she presented a viable issue as whether she reasonably believed, after her entry through the emergency room, that the physicians treating her were provided by or acting on behalf of defendant (*see Dolan v Jaeger, supra* at 846; *Slavik v Parkway Hosp., supra* at 377).

On the issue of defendant's malpractice, however, the proffer is lacking. The affidavit submitted by physician Arthur Kaufman fails to define the applicable standard of care in this locality or opine that defendant's deviation from this standard caused plaintiff injuries (*see Yamin v Baghel, supra* at 779). Kaufman further fails to address Bonk's allegations that the use of a pacemaker under these circumstances would have been a deviation from the acceptable standard of care, especially where no physician requested it and the patient promptly responded to pharmacologic agents and cardiopulmonary resuscitation. For these reasons, the issue of defendant's negligence pertaining to a failure to have an available pacemaker must be dismissed.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that portion of defendant Samaritan Hospital's cross motion pertaining to the claim of malpractice predicated upon a failure to have an available pacemaker; cross motion granted to that extent and summary

judgment awarded to said defendant dismissing said claim; and, as so modified, affirmed.