■ Leola Terry et al., Appellants, v Maurice Pastries, Inc., Respondent. [826 NYS2d 2]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered March 20, 2006, which granted defendant's motion for summary judgment dismissing the complaint upon a finding that the injured plaintiff was a special employee whose exclusive remedy is under the Workers' Compensation Law, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, defendant's seventh affirmative defense stricken, and the matter remanded for further proceedings.

Plaintiff Leola Terry, a culinary student working in defendant's business pursuant to an externship program arranged, by agreement, between the culinary school and defendant, was injured in a slip and fall on the latter's premises while transporting a tray of pastries from one room to another. Under the agreement, the injured plaintiff was, inter alia, to abide by the guidelines and policies set forth for defendant's employees, and defendant was responsible for supervising her work activities and performance while on the job. The injured plaintiff was not paid, yet she received training and experience, and successful completion of the externship program was apparently a prerequisite to graduating from the culinary program. Under the circumstances, the injured plaintiff would ordinarily be relegated to workers' compensation benefits (*see Croston v Montefiore Hosp.*, 229 AD2d 330 [1996], *lv denied* 89 NY2d 807 [1997]). However, since defendant and the school did not secure workers' compensation coverage for this extern, she could opt, pursuant to Workers' Compensation Law § 11, to commence the instant action for damages rather than making a claim for workers' compensation benefits (*see O'Rourke v Long*, 41 NY2d 219, 222 [1976]; *Burke v Torres*, 120 AD2d 283, 285 [1986]). Concur—Saxe, J.P., Sullivan, Williams and Catterson, JJ.