■ Scott A. Clemens et al., Respondents-Appellants, v Timothy G. Brown et al., Individually and Doing Business as Pine Meadow Farm, Respondents-Appellants, and David LeClair, Individually and Doing Business as LeClair Construction, Appellant-Respondent, et al., Defendant. [894 NYS2d 197]—

Kavanagh, J.

Plaintiff Scott A. Clemens (hereinafter plaintiff) owns Complete Building Services, a business entity with two employees that maintains and repairs the exteriors of residential homes. In June 2003, defendants Timothy G. Brown and defendant Celeste Othmer Brown (hereinafter the owners) hired defendant David LeClair (hereinafter defendant) to perform work on a pole barn that was being constructed on their property in the Town of Ballston Spa, Saratoga County. Defendant, who owns and operates LeClair Construction, hired plaintiff and his two employees to help install the roof on the pole barn. Shortly after he arrived at the work site, plaintiff was on the top rung of a ladder working on the roof when the ladder suddenly moved, causing him to fall to the ground and be injured. Plaintiff and his wife, derivatively, commenced this action against, among others, the owners of the property, defendant and his cousin, defendant Steven LeClair, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). After the owners filed cross claims against them, defendant and Steven LeClair moved for summary judgment dismissing the complaint as well as all cross claims that had been filed against them. Plaintiffs, in turn, cross-moved for summary judgment on the issue of defendant's liability under Labor Law § 240 (1).[1] Supreme Court, while denying defendant's motion for summary judgment, granted plaintiffs' cross motion finding the owners and defendant liable, but did not decide whether plaintiffs' claims against defendant were barred by the provision contained in Workers' Compensation Law § 11, which prohibits an employee, under certain circumstances, from suing his employer. Plaintiff and defendant cross-appeal.[2]

Much of what is in contention in these cross appeals concerns plaintiff's employment status at the time of the accident. If, at that time, plaintiff was, as defendant claims, his employee, the exclusivity provisions of the Workers' Compensation Law apply

---

**1.** In their motion, plaintiffs indicated that they would sign a stipulation of discontinuance with respect to Steven LeClair and, as a result, Supreme Court dismissed the claims against him.

**2.** While the owners also filed a cross appeal from Supreme Court's order, their brief only addresses arguments made by defendant appealing Supreme Court's denial of his motion for summary judgment.

and plaintiffs' claims against defendant must be dismissed.[3] On the other hand, if plaintiff was, as he claims, an independent contractor, then the Workers' Compensation Law has no application to this action and is not relevant to any of the issues raised in these cross appeals.

" '[T]he critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results' " (*Gagen v Kipany Prods., Ltd.*, 27 AD3d 1042, 1043 [2006], quoting *Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *see Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895, 897 [1982]; *Roberts v El-Hajal*, 23 AD3d 733, 733 [2005]). In support of his claim that plaintiff was his employee, defendant points to the fact that he supplied all of the tools and materials needed for the work performed by plaintiff, including the ladder he was using at the time of his fall (*see generally Matter of Marques v Salgado*, 12 AD3d 817, 819 [2004]). In addition, it is undisputed that defendant managed the entire work site, directed plaintiff in the performance of his work and paid him $30 per hour, with the amount earned to be applied to pay down a debt that plaintiff owed to defendant. Also, the two employees from plaintiff's firm assisted on the project and were paid directly by defendant. Finally, as defendant noted, he had no contract with plaintiff to perform this work and that, in the past, whenever he retained plaintiff as an independent contractor, a written contract was prepared memorializing their agreement and plaintiff was paid by check.

Plaintiff, not surprisingly, takes a very different view of his relationship with defendant and claims that when he agreed to work on the roof, he had a verbal agreement with defendant that he would serve as a subcontractor and be paid an hourly rate. In addition, plaintiff argues that he never discussed insurance coverage with defendant, and defendant testified that he did not believe that plaintiff was covered by his firm's workers' compensation policy when plaintiff worked on the project. Plaintiff also points to the fact that he was never provided with a W-2 form by defendant and there is no indication that taxes were to be withheld from any payments plaintiff was to receive for his work on this project. Given the contradictory nature of

---

3. Here, we agree with plaintiff that he was never, as defendant claims, a "special employee." A special employee is one who is temporarily assigned to the service of another employer by his general employer. Plaintiff had his own business, an unincorporated entity and was not in the employ of another when he agreed to assist defendant on this project (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]; *Ribeiro v Dynamic Painting Corp.*, 23 AD3d 795, 796 [2005], *lv denied* 6 NY3d 707 [2006]).

the evidence presented by the parties as to plaintiff's employment status at the time of the accident, we find that questions of fact exist on this issue and summary judgment was properly denied (*see Malamood v Kiamesha Concord*, 210 AD2d 26 [1994]).

If it is ultimately determined that plaintiff was defendant's employee at the time of the accident then, and only then, does the exclusivity provision of Workers' Compensation Law § 11 have any relevance to this action.[4] In that regard, plaintiff argues that defendant's admission that plaintiff was not covered by his firm's workers' compensation policy is a sufficient basis upon which to grant summary judgment (*see O'Rourke v Long*, 41 NY2d 219, 224-225 [1976]; *Terry v Maurice Pastries, Inc.*, 34 AD3d 328 [2006]). However, this statement was somewhat ambiguous and the policy that defendant had in place at the time of the accident did not, by its terms, limit or otherwise exclude coverage for plaintiff. In addition, no evidence has been presented that the workers' compensation carrier on this policy has, in any form or forum, denied that such coverage exists. As such, whether plaintiff was covered by this policy and is eligible for its benefits cannot, as a matter of law, be determined at this time, and Supreme Court's decision not to grant summary judgment on this issue is, in all respects, affirmed.

Mercure, J.P., Peters, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

4. The amended complaint alleged that on the day of the accident, plaintiff "was an independent subcontractor and/or employee for day hire." It did not allege that defendant had failed to procure workers' compensation coverage for plaintiff, and that the exclusivity provisions of the Workers' Compensation Law did not apply (*see O'Rourke v Long*, 41 NY2d 219, 224 [1976]). Only after defendant raised the exclusivity provisions of the Workers' Compensation Law as an affirmative defense did coverage become an issue in this action.