█ VERMONT MUTUAL INSURANCE COMPANY, Appellant, v MOWERY CONSTRUCTION, INC., Defendant, and JAMES CIUFFO, Respondent. [946 NYS2d 702]—

Mercure, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered March 21, 2011 in Warren County, which denied plaintiff's motion to amend the complaint.

In March 2005, defendant James Ciuffo was injured while working at a construction site overseen by defendant Mowery Construction, Inc., a general contractor. Mowery failed to inform plaintiff, its liability insurer, of the incident until Ciuffo commenced a personal injury action against it over two years later. In January 2008, plaintiff sent Mowery a reservation of rights letter in which it agreed to provide a defense in the personal injury action subject to its right to disclaim coverage if it determined that Mowery had not provided timely notice of the

claim or that another policy exclusion provided a basis for disclaimer.

Plaintiff commenced this action in February 2008, seeking a declaration that it was not obliged to indemnify or defend Mowery due to the lack of timely notice. Following joinder of issue and discovery, plaintiff moved in January 2010 for leave to serve an amended complaint asserting a new basis for disclaiming coverage, namely, that Ciuffo was an employee of Mowery rather than an independent contractor as Mowery claimed and, therefore, a policy provision excluding coverage for injuries to employees was applicable. Supreme Court denied the motion, concluding that the amendment should have been sought sooner and that Mowery would be prejudiced by it. Plaintiff appeals and we now affirm.

Whether leave to amend a complaint should be granted rests within the sound discretion of the trial court, although leave should be freely granted if the amendment is not plainly lacking in merit and does not unduly prejudice or surprise the nonmoving party (*see Davis v Wyeth Pharms., Inc.*, 86 AD3d 907, 908 [2011]; *Dever v DeVito*, 84 AD3d 1539, 1541 [2011], *lv dismissed* 18 NY3d 864 [2012]). Supreme Court correctly determined that the amendment had arguable merit, inasmuch as there is evidence suggesting that Mowery exercised substantial control "over the results produced or the means used to achieve the results" of the work performed (*Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *see Clemens v Brown*, 69 AD3d 1197, 1199 [2010]). We further agree with Supreme Court, however, that the proposed amendment would unduly prejudice and surprise defendants.

Plaintiff did not seek leave to amend until almost two years after the action was commenced and, while that delay alone did not bar the amendment, plaintiff failed to show a satisfactory excuse for the delay (*see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]; *Duquette v Oliva*, 75 AD3d 727, 728 [2010]). The record demonstrates that plaintiff had evidence suggesting that Ciuffo was Mowery's employee before it sent the reservation of rights letter and commenced the present action, but nevertheless failed to raise the issue in its complaint or promptly seek leave to amend. In the interim, Mowery based its defense in both this action and the underlying personal injury action upon Ciuffo's status as an independent contractor, and plaintiff's failure to timely raise the

issue was prejudicial to Mowery.* Under these circumstances, Supreme Court properly exercised its discretion in denying plaintiff's motion (*see Bastidas v Epic Realty, LLC*, 58 AD3d 776, 777-778 [2009]; *Hassan v Schweizer*, 277 AD2d 797, 799-800 [2000]; cf. *Caceras v Zorbas*, 74 NY2d 884, 885 [1989]).

Peters, P.J., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Mowery was held liable in Ciuffo's action prior to Supreme Court's decision on the present motion, and Ciuffo has appealed from the ensuing award of damages.