Carlos Flores, Respondent,
against
A & A Family Beverage, Inc., Snapple Distributors, Snapple Beverage Corp., and Dr. Pepper Snapple Group, Inc., Appellants.




Picciano & Scahill, P.C. (Andrea E. Ferrucci of counsel), for appellants.
Greenberg & Merola, LLP (Hayley Greenberg of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered November 18, 2016. The order denied defendants' motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, without costs.
In this action to recover for injuries plaintiff sustained when he was unloading a truck owned by defendant A & A Family Beverage, Inc. (A & A), defendants moved for summary judgment dismissing the complaint, arguing that the action must be dismissed since plaintiff's sole remedy is workers' compensation benefits. By order entered November 18, 2016, the Civil Court denied defendants' motion, finding that questions of fact exist as to whether plaintiff was an employee and entitled to workers' compensation benefits from A & A.
Workers' Compensation Law §§ 11 and 29 (6) provide that an employee who is entitled to receive compensation benefits may not sue his or her employer in an action at law for injuries sustained. Triable issues of fact were raised as to the existence of an employer-employee relationship, and it is for the trier of fact to determine whether the nature and extent of A & A's or its driver's control over plaintiff created an employer-employee relationship between plaintiff and A & A (see Clemens v Brown, 69 AD3d 1197 [2010]) and, thus, whether plaintiff's exclusive remedy is to receive benefits under the Workers' Compensation Law. We note that, contrary to defendants' contention, plaintiff was not an employee of A & A insofar as Workers' Compensation Law § 2 (4) is concerned, as there is no dispute that plaintiff was not a driver and thus not performing commercial goods transportation services (see Labor Law §§ 862-b [1]; 862-a).
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 08, 2019