Sklarova v Coopersmith (2020 NY Slip Op 01033)





Sklarova v Coopersmith


2020 NY Slip Op 01033


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11035 805212/14

[*1] Renata Sklarova, Plaintiff-Appellant,
v
Allen Coopersmith, M.D., et al., Defendants-Respondents, Andrew Feldman, M.D., et al., Defendants.


Mischel & Horn, P.C., New York (Scott T. Horn of Counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondents.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 31, 2018, which, to the extent appealed from as limited by the briefs, dismissed the complaint as against defendants Allen Coopersmith, M.D., Lisa Mouzi, M.D. and NYU Langone Medical Center, unanimously modified, on the law, to vacate the dismissal of the complaint as against Dr. Coopersmith and NYU Langone and to reinstate plaintiff's causes of action for medical malpractice and lack of informed consent as against Dr. Coopersmith and her vicarious liability claim against NYU Langone, based on the doctrine of ostensible agency, and otherwise affirmed, without costs.
In this medical malpractice action, plaintiff alleges that she sustained damage to her right brachial plexus after undergoing an interscalene nerve block performed by Dr. Coopersmith, an anesthesiologist, and Dr. Mouzi, an anesthesiology fellow, at defendant NYU Langone. The nerve block was performed prior to arthroscopic surgery that was performed on plaintiff's right shoulder by defendant Andrew Feldman, M.D., a physician who was not employed by NYU Langone. After the surgery, plaintiff experienced pain, numbness, weakness, burning, and hypersensitivity in her right arm. An electromyography and nerve conduction study of plaintiff's right brachial plexus was abnormal and compatible with right brachial plexopathy.
Based on their expert report, defendants made a prima facie showing that they did not depart from the standard of care. However, plaintiff's expert affidavits raise issues of fact both as to the departures and causation. Accordingly, the medical malpractice claim should be reinstated (see Foster-Sturrup v Long, 95 AD3d 726, 728-729 [1st Dept 2012].
Further, we agree with plaintiff that she sufficiently established that the doctrine of res ipsa loquitur applies to her cause of action for medical malpractice. The parties' experts disagreed as to whether plaintiff's injury ordinarily occurs in the absence of negligence, raising an issue of fact on that point (see States v Lourdes Hosp., 100 NY2d 208, 211 [2003]; Frank v Smith, 127 AD3d 1301 [3d Dept 2015]; Bradley v Soundview Healthcenter, 4 AD3d 194, 194 [1st Dept 2004]). Plaintiff also established that defendants were in control of all instruments used in the nerve block, and plaintiff's actions did not contribute to her injuries (see Cole v Champlain Val. Physicians' Hosp. Med. Ctr., 116 AD3d 1283, 1284, 1286 [3d Dept 2014]). To the extent that defendants' expert opined that post-operative symptoms and image studies were not consistent with needle trauma to a nerve, that opinion did not refute plaintiff's assertion of res ipsa loquitur because it failed to identify any other possible cause of plaintiff's plexopathy, let alone a more probable cause (see Kambat v St. Francis Hosp., 89 NY2d 489, 494-497 [1997]). Moreover, defendants' expert did not dispute that plaintiff sustained nerve damage and did not opine that the nerve damage pre-existed the surgery.
Plaintiff's lack of informed consent cause of action should be reinstated because [*2]defendants' expert's opinion that there was informed consent was conclusory in that it did not set forth what reasonable foreseeable risks should have been disclosed to plaintiff regarding the nerve block (Halloran v Kiri, 173 AD3d 509, 511 [1st Dept 2019]).
The Supreme Court correctly dismissed plaintiff's complaint as against Dr. Mouzi, a fellow, because the evidence established that she acted under the supervision of Dr. Coopersmith and, although she actively participated in the nerve block, she did not exercise any independent judgment (e.g. Buccheim v Sanghavi, 299 AD2d 229, 230 [1st Dept 2002], lv denied 100 NY2d 506 [2003] Crawford v Sorkin, 41 AD3d 278, 280 [1st Dept 2007]).
We agree with defendants that they were entitled to a determination that no actual agency existed between NYU Langone and Dr. Coopersmith because NYU Langone did not employ or otherwise control Dr. Coopersmith. However, we find that an issue of fact exists as to whether NYU Langone could be held liable for Dr. Coopersmith's actions in his treatment of plaintiff through ostensible agency. It is undisputed that plaintiff was treated by Dr. Feldman because she sought out his care. However, Dr. Feldman testified that he did not choose which anesthesiologist at NYU Langone would perform the nerve block on plaintiff, instead an anesthesiologist was assigned by the Department of Anesthesia. A jury could reasonably infer from this testimony that Dr. Coopersmith was provided by NYU Langone and that plaintiff reasonably believed that Dr. Coopersmith was
acting on NYU Langone's behalf (see Warden v Orlandi, 4 AD3d 239, 241 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK