Sarah R. v Crouse Health Hosp., Inc.
2026 NY Slip Op 04052
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

SARAH R., AS PARENT AND NATURAL GUARDIAN OF E.E.R., AN INFANT, PLAINTIFF-APPELLANT,
v
CROUSE HEALTH HOSPITAL, INC., DEFENDANT-RESPONDENT, THOMAS CURRAN, M.D., MELISSA NELSON, M.D., ELLEN BIFANO, M.D., NEONATAL ASSOCIATES OF CENTRAL NEW YORK, P.C., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
126 CA 24-01262
Present: Whalen, P.J., Lindley, Ogden, Greenwood, And Hannah, JJ.

SMITH SOVIK KENDRICK & SUGNET P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
THE FITZGERALD LAW FIRM, P.C., YONKERS (MITCHELL GITTIN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GALE GALE & HUNT, LLC, FAYETTEVILLE (MATTHEW J. VANBEVEREN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeals from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered July 30, 2024, in a medical malpractice action. The order granted the motion of defendant Crouse Health Hospital, Inc., for summary judgment and dismissed the complaint against said defendant.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion of defendant Crouse Health Hospital, Inc., is denied and the complaint against it is reinstated.
Memorandum: In this medical malpractice action, plaintiff and defendants Thomas Curran, M.D., Melissa Nelson, M.D., Ellen Bifano, M.D., and Neonatal Associates of Central New York, P.C. (collectively, Neonatal defendants) separately appeal from an order that granted the motion of defendant Crouse Health Hospital, Inc. (Crouse) for summary judgment dismissing the complaint against it. We reverse the order, deny Crouse's motion, and reinstate the complaint against it.
"[I]t is well settled that, [i]n general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee" (Pasek v Catholic Health Sys., Inc., 195 AD3d 1381, 1381 [4th Dept 2021] [internal quotation marks omitted]). A hospital may, however, be liable for the negligence of an independent physician "under a theory of apparent or ostensible agency by estoppel" (id. at 1382 [internal quotation marks omitted]). "In the context of a medical malpractice action against a hospital, the patient must have reasonably believed that the physicians treating [them] were provided by the hospital or acted on the hospital's behalf" (id. [internal quotation marks omitted]). "All the surrounding circumstances are relevant in determining whether [a] plaintiff could have reasonably believed that [a] treating physician was provided by the hospital or otherwise acting on the hospital's behalf" (Casucci v Kenmore Mercy Hosp., 144 AD2d 910, 911 [4th Dept 1988]).
Here, Crouse met its burden on the motion, with respect to plaintiff's claim of vicarious liability for the acts of the Neonatal defendants based on a theory of apparent agency, by establishing that the Neonatal defendants were independent contractors and not employees of [*2]Crouse (see Van Hook v Doak, 227 AD3d 1537, 1538-1539 [4th Dept 2024]; Pasek, 195 AD3d at 1383-1384; see also Sullivan v Sirop, 74 AD3d 1326, 1328 [2d Dept 2010]; Dragotta v Southampton Hosp., 39 AD3d 697, 699 [2d Dept 2007]). We agree with plaintiff, however, that she raised a triable issue of fact in opposition to the motion. Plaintiff submitted the affidavit of defendant Curran, who stated that he "wore Crouse-issued scrubs that were the same scrubs worn by hospital physicians" and that his badge identified him as a "Physician" on the "Medical Staff" of "Crouse Health." He further stated in the affidavit that it was "more likely than not" that he was the "male doctor" with whom plaintiff spoke after the infant's birth and that plaintiff "could reasonably have assumed [he] was an employee of the hospital." Viewing the evidence in the light most favorable to plaintiff, we conclude that plaintiff raised a triable issue of fact whether Crouse may be vicariously liable under a theory of apparent or ostensible agency (see Weiszberger v KCM Therapy, 189 AD3d 1121, 1123 [2d Dept 2020]; Sampson v Contillo, 55 AD3d 588, 591 [2d Dept 2008]; Dragotta, 39 AD3d at 699; see generally Sklarova v Coopersmith, 180 AD3d 510, 512 [1st Dept 2020]). We further conclude that, under the circumstances of this case, plaintiff also raised a triable issue of fact whether she could have "properly assume[d] that the treating doctors . . . of the hospital['s neonatal unit] were acting on behalf of the hospital" because she had no opportunity to engage the services of the Neonatal defendants before emergent conditions necessitated their intervention in the infant's care (Mduba v Benedictine Hosp., 52 AD2d 450, 453 [3d Dept 1976]; see generally Casucci, 144 AD2d at 911).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court